BENJAMIN F. THOMPSON AND ANOTHER v. JAMES H. GRIFFIS, ADM'R.

Where there were three defendants A, B and C, and three citations were issued, each of which directed the Sheriff to summon all of the defendants, naming them ; but one was endorsed by the Clerk as original citation for A, another for B, and the other for C, and the one endorsed for A was returned that A could not be found, and the one endorsed for B was returned served on B, and the one endorsed for C, was returned "Executed on    Nov. 11th, by delivering a true copy of writ and petition, 1854," signed by the Sheriff; it was held that the latter return did not show service on C.

Where the entry of judgment by default recited that, " now come the parties " by their attorneys, and plaintiff dismisses his suit as to Thomas J. Cor-" nelius, and the other defendants being called came not, but made default," it was held that the recital was not equivalent to a recital that the parties appeared, and failed to file an answer, but was repugnant and contradictory ; and the service being defective, the judgment was reversed.

Error from Rusk.   Tried below before the Hon. William W. Morris.

Suit by appellee against Brown, Cornelius and Thompson. Three original citations were issued, each directing the Sheriff to summon Brown, Cornelius and Thompson ; but one endorsed " original citation for Brown, issued Nov. 9th, 1854, John P. " Grigsby, C. D. C," and was returned served on Brown. Another was similarly endorsed for Cornelius, and was returned that Cornelius was not to be found.   The third was similarly endorsed for Thompson, and was returned as stated in the Opinion.

The entry of judgment read " for which execution may issue at the expiration of three months."

The other facts are stated in the Opinion.

*N. G. Bagley*, for plaintiffs in error.

ROBERTS, J. The defendant in error submits this case with a suggestion of delay, and files a brief to show that service on Thompson, one of the defendants, is good, and that he appeared on the trial.

The record shows service on Brown, and that Cornelius was not found. There is another citation directing the Sheriff to summon Cornelius, Brown and Thompson, and there is a return thereon as follows : "Executed on      Nov. 11th,. " by delivering a true copy of writ and petition, 1854," which is signed by the Sheriff.

The judgment recites, " and now come the parties by their " attorneys, and plaintiff dismisses his suit as to Thomas J. " Cornelius, and the other defendants being called came not, " but made default ;" then follows a recovery against Thompson and Brown.

The return of the Sheriff does not make good service on Thompson. The Statute requires the Sheriff to state the manner in which he executes process, and the day on which it is executed. This writ includes three defendants, and the return shows service on Cornelius as strongly as it does on Thompson. It does not state what writ and petition they are, a copy of which is delivered ; and the date of the execution has the month and the year in entire disconnection. One who knows what the return ought to be, can infer enough from what is stated, to understand that it was intended to state that the process was served on some one ; and by examining the other returns and the judgment, it may, in like manner, be inferred that it was served on Thompson. The return should not be thus dependent upon extraneous facts for its validity, but should be shaped so as that its meaning would

be readily intelligible when taken in connection with the writ on which it is endorsed. (Hart. Dig. Art. 2894.)

There was no answer. And the recital in the judgment, that the parties appeared, is presumed, under the decision of this Court in the case of Miller v. Alexander (8 Tex. R. 36,) to include all the defendants whether served or not. This part of it, however, is contradicted by another which says, that " the other defendant being called came not," etc. If, then, the recital in the judgment, preceding the clause of recovery, does not fix the position of Thompson in Court, this judgment is erroneous. The object of this recital is to perpetuate the existence of facts not of record, of which the Court can take cognizance, as that the parties did or did not appear, they failed to file an answer, or confessed a judgment, or withdrew their pleas, the impannelling a jury, and the like. As long as it is confined to its appropriate sphere, it is authoritative. When it transcends this, it does not control. For instance, as in the case of Roberts v. Stockslager (4 Tex. R. 307,) where it stated that the defendant was duly summoned, and the records, which are made to exhibit the existence of service, did not show any, the recital is disregarded. When however it is confined to its proper objects, and is in conflict with another fact appropriately appearing in other parts of the record, both have equal degree of verity and are to be reconciled as in any instrument, all the parts of which are material. (Ward v. Latimer, 2 Tex. R. 245 ; Callison v. Autry and wife, 4 Id. 371.)

Is there any other part of the record which furnishes an explanation of these two contradictory statements in the recital ? As to Brown there is. For it shows that he was served with process, and in that event it was immaterial whether he appeared or not. As to Cornelius, the discontinuance in the recital makes it also immaterial as to him, whether he appeared or not. But as to Thompson there is none, only that no service appears to have been had on him.

To sustain the judgment, we must reject the last recital, and retain the first, so as to make it tantamount to the expression that " Thompson and Brown appeared and failed to file an answer." This the Court cannot do from anything stated in the record. It is suggested that the stay of execution indicates that the parties Brown and Thompson appeared. The most that it can indicate, and that not conclusively, is, that there was an agreement either in or out of Court between some of the parties, to delay the collection of the debt.

This recovery, then, reposing solely on a predicate, involving a contradiction irreconcilable by anything else in the record, must be reversed and remanded.

Reversed and remanded.