## J. M. RODGERS AND ANOTHER v. I. N. GREEN.

1. It is well settled that unless the citations in a suit state the names of all the parties to the action, no judgment by default can be taken against the defendants, or any one or more of them.

2. In a suit against several defendants the clerk, besides reciting the names of the defendants, inserted in each citation a designation of the particular defendant to be served with that particular writ. On one of them, designated for service on the defendant A., the sheriff returned, " came to hand July 7, 1868, and executed by delivering to the within named defendant a certified copy of plaintiff's petition, together with this writ. July 23, 1863." *Held*, that the return is defective, inasmuch as it would be true no matter which one of the defendants named in the citation was the party served. The return should have named A. as the person served.

3. When more defendants than one are named in a citation, it is indispensable that the sheriff's return shall specifically set out the name of the person served; and this would be the better practice even when there is but one defendant.

ERROR from Kaufman.

The facts are apparent.

*S. P. Donley*, for the plaintiffs in error.

No brief for the defendant in error.

OGDEN, J.—The judgment in this cause is sought to be reversed on the grounds that no sufficient citation to authorize a judgment by default was issued to the defendants below, and that the record fails to show that any service was had on all the defendants against whom the judgment was rendered. Suit was brought against several defendants, residents of Kaufman county, and at least two who were not residents of the county; and the citations issued for the plaintiffs in error, and which citations are now complained of, contained only the names of those defendants who were residents of the county.

Article 1431, Paschal's Digest, requires, among other things, that the writ or citation shall state the names of the parties to the suit. This clause of the statute has frequently been the subject of decision by this court, and it has uniformly been held that the citation must state the names of all the parties to a suit, to authorize a judgment by default against any. (See Burleson v. Henderson, 4 Texas, 51; Anderson v. Brown, 16 Texas, 554, and Battle v. Eddy, 31 Texas, 369.) Upon the authority of these decisions we are of the opinion that the citations were all defective and insufficient to support a judgment against any one of the defendants, by default.

It is further contended by the plaintiffs in error, that the record in this cause fails to show any service on G. P. Arthur, one of the defendants below, against whom judgment was rendered. It appears from the record that citation was issued for G. P. Arthur, the same as for the other defendants, which contained the names of some six defendants. One of these citations was directed by the clerk to be served on G. P. Arthur, and on this citation the sheriff made the following endorsement: "Came to hand July 7, 1868, and executed by delivering to the within named defendant a certified copy of plaintiff's petition, together with this writ." It is claimed for plaintiffs in error that this return is no evidence that the writ was served on G. P. Arthur; that although the clerk had

directed in the body of the writ that it should be served on Arthur, yet there were five other defendants named in the writ; and that the sheriff's return might be true, though the writ had been served on any one of the other five defendants; and therefore the return was no evidence that the writ had been served on Arthur, or any particular one. In the cause of Thompson v. Griffis, 19 Texas, 116, Justice Roberts says, "The return should be so shaped that its meaning would be readily intelligible, when taken in connection with the writ on which it was endorsed;" and in Covington v. Burleson, 28 Texas, 368, Justice Smith says, "Where there were two defendants, the return of the sheriff ' that he had delivered a copy of the petition and citation to both of the defendants,' is an imperfect service." The object of the sheriff's return is to furnish evidence of the service. It should therefore be so specifically definite as to leave no doubt as to the person served and the time and manner of service. We think there may be some doubt conveyed in the return of the sheriff, in this case, as to which one of the defendants was served, and therefore no sufficient evidence that the service was upon G. P. Arthur. It is believed that the better practice would be in all cases to specify the name of the party served; but more especially where there are more than one defendant named in the citation, it becomes indispensable that the sheriff, in his return, should specifically set out the name of the person on whom the service has been made.

For the reasons given herein, this cause is reversed and remanded.

Reversed and remanded.