JAMES B. KING ET AL. v. W. J. GOODSON ET AL.

1. SERVICE OF CITATION.—A sheriff's return, "Came to hand September 30th, 1873, and executed same day by handing J. B. King and John A. Pearce, in person, a certified copy of plaintiffs' petition, together with a copy of this citation, this October 1st, A. D. 1873:" Held, insufficient in not clearly showing service upon both citation and copy of petition.

2. AMENDMENT—PRACTICE—JUDGMENT BY DEFAULT.—Where judgment was taken by default, enforcing a vendor's lien set up by amendment upon one-half interest in a town lot, wherein the original lien was insisted upon against two-thirds of a half interest, and defendant having no notice of amendment: Held, to be error.

ERROR from Hopkins. Tried below before the Hon. W. H. Andrews.

*W. C. Loving*, for plaintiffs in error.

*Jones & Henry*, for defendants in error.

ROBERTS, CHIEF JUSTICE.—This is a judgment by default. The return of the sheriff is not strictly correct, being liable to the construction that one copy of the citation and petition was served on both defendants. The statute requires that the manner of the service should be plainly stated, and when this is done it will not require any intendment in its favor to help it out, as must be indulged in this case to hold the return to be sufficient. The return reads as follows: "Came to hand September 30th, 1873, and executed same day by handing J. B. King and John A. Pierce, in person, a certified copy of plaintiffs' petition, together with a copy of this citation, this October 1st, A. D. 1873."

Another objection to the judgment by default is in rendering it for the enforcement of the vendor's lien, in accordance with the amended petition filed during the term, of which the defendants below had no notice. The amended petition claims a vendor's lien for the one undivided half of the lot for which the note sued on was given, and judgment was rendered accordingly; whereas it is recited on the face of the note, as set out in the original petition, that it was given as the purchase money for two-thirds of an undivided half interest in the said lot in the town of Sulphur Springs.

This, possibly, may have been a mistake in drawing up the amended petition and in entering the judgment; still it is a substantial variance, by way of addition to the claim in the original petition, and before judgment by default should have been so rendered, notice should have been given of the amendment to the defendants below. (Morrison *v.* Walker, 22 Tex., 18, and cases there cited.)

Therefore the judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.