## SCRUGGS v. GRIBBLE.  (No. 3233.)

Court of Civil Appeals of Texas.  Amarillo. May 8, 1929.

154

Burgess, Burgess, Chrestman & Brundidge, of Dallas, and R. H. Templeton, of Wellington, for appellant.

Luther Gribble, of Wellington, for appellee.

RANDOLPH, J. The appellant, as plaintiff, sued the appellee and others in the county court of Dallas county. The defendant filed his plea of privilege to be sued in Collingsworth county, the county of his residence. The plaintiff in that suit then filed his controverting affidavit to such plea. The judgment rendered in that case upon such plea and upon the merits is not disclosed by the record, except by inference to be drawn from the fact that this suit is brought to restrain the filing and recording of an abstract of judgment issued out of said county court. In the case at bar, the trial court held that the judgment in the county court of Dallas county was void for the reason that defendant Gribble was never served with a copy of the controverting affidavit, and made the temporary injunction permanent, perpetually enjoining the defendant Gross R. Scruggs from attempting to incumber or cloud the title to the real property of the plaintiff Gribble by an abstract of said void judgment, and restraining the county clerk of Collingsworth county from recording and indexing an abstract of said judgment.

The appellant herein contends that the trial court should have sustained his general demurrer to the plaintiff's petition for the reasons: First, "since it is the law that to render the judgment of the Dallas County Court liable to impeachment in a collateral action for want of service upon the defendant, or notice to him, such as notice of the plaintiff's controverting affidavit to the defendant's plea of privilege, it is necessary that the want of such service or notice should appear upon the face of the proceedings wherein the judgment was rendered, and since appellee's petition contains no allegation of such want of service or notice appearing upon the face of the record in the cause in which the judgment was rendered against him in the County Court of Dallas County, his petition did not show a cause of action against appellant for the relief sought." Second, the allegation that the judgment of the county court of Dallas county in favor of the therein plaintiff, Scruggs, is void for the reason that appellee was not served with appellant's controverting affidavit to appellee's plea of privilege to be sued in the county of his residence and that the county court of Dallas county was without jurisdiction to render judgment against appellee in such suit, is the statement of a conclusion and is insufficient to authorize an injunction restraining appellant from having recorded, and the county clerk of Collingsworth county from recording and properly indexing, an abstract of said judgment and declaring same void without other allegations of fact. which overcome the presumption of the validity of the judgment assailed. Third, the appellee having alleged that defendant Scruggs entered suit in the county court of Dallas county against the plaintiff (appellee) and others who resided in Collingsworth county, without alleging the number and style of the cause, the date and amount of the judgment, nor any other facts which would identify the judgment with respect to which he seeks relief, his petition was wholly insufficient to show a cause of action against appellant.

Other propositions attacking the judgment rendered by the court are as follows: The court erred in rendering judgment making the temporary injunction permanent, because it appeared from the evidence that the judgment in the county court at law No. 1 of Dallas county was not void, since the officer's return on the original notice of hearing on plaintiff's plea of privilege and the controverting affidavit thereto showed that proper service thereof, and of a certified copy of the controverting affidavit to plaintiff's plea of privilege, had been made.

Appellee having pleaded that a judgment of some kind had been rendered against him in the county court of Dallas county, wherein appellant was plaintiff and appellee was defendant, without giving the number or style of the suit or the date or amount of same, and having wholly failed to offer any evidence of the rendition of any judgment in favor of appellant and against appellee, there was no basis for the rendition of the decree entered in this cause.

If appellee's petition (and evidence) showed a cause of action which entitled him to any relief whatever, it was to have the court in which the judgment was rendered give consideration to the irregularity complained of in its rendition, tested by the record in the cause in which the judgment was rendered, and grant him such relief as he might show himself entitled to, and the temporary restraining order having been granted by the district clerk (?) of Collingsworth county, there being no allegations of fact (or evidence) showing more than an irregularity in the judgment assailed, the court should have made this cause returnable to the court in which the judgment assailed was rendered.

The very abbreviated statement of facts shows that the suit in Dallas county was by Scruggs as plaintiff against Ed Julian, B. H. Hooker, and L. E. Gribble as defendants. The defendant Gribble filed his plea of privilege to be sued in Collingsworth county in that cause. Thereafter, the plaintiff in said cause

filed his controverting affidavit, and the following certified copy of notice was served on L. E. Gribble, one of the defendants in that cause:

"No. 45015-A

"Suit Pending in the County Court of Dallas County at Law No. 1. Dallas County, Texas.

"Gross R. Scruggs & Company vs. Ed Julian et al.

"The State of Texas to the Sheriff or Any Constable of Collingsworth County— Greetings:

"You are hereby commanded that you notify L. E. Gribble, one of the defendants in the above stated cause to be and appear before the Hon. Paine L. Bush, Judge of said court on Saturday, January 22, 1927, at ten o'clock A. M.; at which time a hearing will be had on his plea of privilege, and plaintiff's controverting affidavit thereto, as shown on certified copy of said controverting affidavit accompanying this Notice.

"Herein fail not, but of this Writ, and how you have executed the same, make due return. D. C. Whiteley, Clerk of the County Court of Dallas County at Law, Dallas County, Texas.

"Given under my hand and the seal of said Court, at office in the City of Dallas, this the 6th day of Jany. 1927. D. C. Whiteley #1 Clerk of the County Court of Dallas County at Law, Dallas County, Texas, by A. M. Nelson, Deputy. [Seal.]"

"No 45015-A

"In County Court of Dallas County, at Law, Dallas County, Texas.

"Gross R. Scruggs & Company vs. Ed Julian et al.

"Notice.

"Issued 6th day of January, A. D. 1927.
"D. C. Whiteley, Clerk,
"By A. M. Nelson, Deputy.

"Burgess, Burgess, Chrestman & Brundidge, S. W. Life Bldg., Dallas, Texas, Attorneys for Plaintiff."

"No. 45015-A

"Gross R. Scruggs & Company vs. Ed Julian et al.

"In the County Court of Dallas County, at Law No. One, Dallas County, Texas.

"To the Honorable Judge of Said Court:

"Comes now Gross R. Scruggs, doing business under the name and style of Gross R. Scruggs & Company, plaintiff in the above entitled and numbered cause, and controverts the plea of privilege of the said Ed Julian, defendant herein, and says that the said plea of privilege and the allegations therein contained are incorrect, and that this court has venue of this cause and of the person of said defendant on the following grounds and for the following reasons, to-wit:

"1. That the said defendant Ed Julian, contracted in writing to pay the debt herein sued for in Dallas, Dallas County, Texas, in that he signed the bond dated January 5, 1922, upon which this suit is based, a copy of which bond is attached to plaintiff's original petition herein.

"Wherefore, plaintiff prays that defendants be served with a copy of this plea, as required by law in such cases, and that after hearing of said plea of privilege by the court, the same be in all things overruled. Burgess, Burgess, Chrestman & Brundidge, by H. A. Bateman, Attorneys for Plaintiff.

"The State of Texas, County of Dallas.

"Before me, the undersigned authority, on this day personally appeared Gross R. Scruggs, plaintiff in the above entitled and numbered cause, who being by me duly sworn, says that he has read the foregoing controverting plea and that the same is true in substance and in fact.

"Gross R. Scruggs.

"Subscribed and sworn to before me, this the 5th day of January, A. D., 1926. H. A. Bateman, Notary Public, Dallas County, Texas. [Seal.]

"Filed Jan. 6, 1927. D. C. Whiteley, Clerk County Courts of Dallas County at Law, by J. C. Heffington, Deputy.

"Hearing on Plea of Privilege and on above Controverting Plea is hereby set for Saturday, January 22nd, A. D., 1927, at ten o'clock A. M.
"Paine L. Bush, Judge.

"The State of Texas, County of Dallas.

"I, D. C. Whiteley, County Clerk of Dallas County, do hereby certify that the foregoing is a true and correct copy of Controverting Affidavit of Plaintiff to Defendant Ed Julian's Plea of Privilege in the above styled and numbered cause as the same now appears on file in my office.

"Witness my hand and seal of said court this 6th day of January, 1927. D. C. Whiteley, County Clerk, by A. M. Nelson, Deputy."

The original of this notice was returned to the Dallas county court with the following return indorsed thereon:

"Sheriff's Return. Came to hand on the 7th day of January, 1927, and executed on the 8th day of January, 1927, by delivering to L. E. Gribble, the within named defendant, in person, a true copy of this notice, together with certified copy of plaintiff's controverting affidavit to defendant's plea of privilege." Dated and signed by the sheriff of Collingsworth county.

The original notice upon which this return was made was addressed to the sheriff of Collingsworth county, and commanded him to notify L. E. Gribble "one of the defendants in the above stated cause, to be and appear before the Honorable Paine L. Bush, Judge of

said Court, on Saturday, January 22, 1927, at 10 o'clock A. M., at which time a hearing will be had on his plea of privilege and plaintiff's controverting affidavit thereto, as shown on certified copy of said controverting affidavit accompanying this notice." It appears from the stated evidence that the copy of the controverting affidavit so served on the defendant was accompanied by a copy of a controverting plea filed in said Dallas county court, controverting the plea of Ed Julian, one of the defendant Gribble's codefendants in. the Dallas case, and that no copy of any affidavit controverting the plea of privilege filed by the defendant Gribble was. ever delivered to Gribble. Upon the failure to deliver a true copy of the affidavit controverting defendant Gribble's plea of privilege, all questions that are presented on this appeal arise.

It is an' indispensable requisite that service of a copy of the controverting affidavit, or a waiver thereof, shall be had upon the defendant who has filed a plea of privilege; such notice or waiver is a jurisdictional matter, for without it the trial court is without jurisdiction to hear and overrule the plea. Doak et ux. v. Biggs (Tex. Civ. App.) 235 S. W. 957, 958; McGhee v. Maxey (Tex. Civ. App.) 230 S. W. 735.

If the plaintiff has filed no contest to the plea of privilege, the court no longer has jurisdiction over the defendant's person, but it is with the court of a different county, and the defendant has done all the law required of him when he filed his plea of privilege. The court could make but one order, and that was to transfer the case to the proper court. Brooks v. Wichita Mill & Elevator Co. (Tex. Civ. App.) 211 S. W. 288.

This being the status of the case upon the filing of the plea, was the failure to serve the defendant with a copy of the plaintiff's controverting affidavit, as recited above, such a prerequisite which, if not complied with, renders the judgment void?

The plaintiff contends that the judgment was not void for the reason that the sheriff's return on the original notice of the hearing of the plea of privilege and the controverting affidavit showed that proper service of the notice and of the copy of the plaintiff's controverting affidavit had been made. To sustain this contention, appellant cites Brown v. Clippinger, 113 Tex. 364, 256 S. W. 254; Bell v. Cobb (Tex. Civ. App.) 296 S. W. 976.

These cases are not decisive of the point at issue here. In the Brown Case, an attempt was being made to set aside a former judgment as being void, where the judgment was not void on its face, without showing a meritorious defense. The judgment in that case recited facts which sustain the court's jurisdiction, and it was therefore held that it could not be collaterally attacked.

In the Bell Case, the sole question involved was whether or not it was incumbent on the party attacking the judgment to allege a meritorious defense before he would be entitled to have it set aside or perpetually enjoined.

In the case at bar, the plaintiff alleges a meritorious defense in that he alleges facts which show, if true, that he was not indebted to the plaintiff in the county court judgment. We understand from these and other decisions that the rule, however, is that an absolutely void judgment may be attacked anywhere and at any time.

The sheriff's return shows.only that he served said notice by delivering to L. E. Gribble, the within named defendant, in person, a true copy of this notice, together with certified copy of plaintiff's controverting affidavit to *defendant's* plea of privilege. It will be remembered that the uncontradicted evidence of the defendant Gribble is that he was served with a copy of the controverting affidavit addressed to the plea of privilege filed by. defendant Ed Julian; hence, the sheriff's return is fatally defective in not identifying the particular defendant whose plea was thus contested.

No other and different service can be presumed than that shown in the record. Doak v. Biggs, supra. For that reason, no presumption can be indulged that the controverting affidavit of the plaintiff to the *defendant's* plea of privilege referred to the defendant Gribble's plea of privilege.

We have no case which directly covers the question here presented with reference to the service of a controverting affidavit, but as the court is held to be without jurisdiction to try a case in the absence of a controverting affidavit, the question of such service is analogous to the service of such citation to authorize the court to render a judgment. It has been held that the officer so serving a citation should strictly observe the requirements of the statutes providing for service of same in order that the court may acquire jurisdiction of the cause. Roberts v. Stockslager, 4 Tex. 307. And the court will not recognize as sufficient any return which does not show such a compliance. Graves .v. Robertson, 22 Tex. 130.

In a suit against several defendants, in the copy designated for service on defendant "A," the sheriff's return "came to hand July 7, 1868, and executed by delivering to. the within named defendant a certified copy of plaintiff's petition, together with this writ," the Supreme Court held that the return is defective inasmuch as it would be true no matter which of the defendants named was the party served. Rodgers v. Green, 33 Tex. 661.

The sheriff's return on a citation must not depend upon extraneous facts to make it intelligible, but must be so taken only in connection with the writ upon which it is indorsed. Thompson .v. Griffis, 19 Tex. 115.

Inference will not be indulged to aid an insufficient return of citation. King v. Goodson, 42 Tex. 152.

A return showing delivery of process to both defendants, instead of to each, is bad. King v. Goodson, supra; Rush v. Davenport (Tex. Civ. App.) 34 S. W. 380; Swilley v. Reliance Lumber Co. (Tex. Civ. App.) 46 S. W. 387; Holliday v. Steele, 65 Tex. 388. These holdings are based upon the uncertainty of the return in failing to show service upon each of the defendants.

■ Applying these holdings to the question before us, we find that there is some uncertainty as to whether the plaintiff's controverting affidavit to the plea of privilege filed by the defendant Gribble, or by defendant Ed Julian, exists; hence the service is invalid. This being true, the defendant Gribble's testimony that he was served with a copy of the plaintiff's controverting affidavit contesting defendant Ed Julian's plea of privilege is admissible to show the service actually had upon him.

In view of what is said later, and of our disposition of this appeal, we are necessarily compelled to anticipate questions which may arise upon another trial, and will therefore indicate our holding upon such anticipated questions.

■ The general rule that a judgment cannot be collaterally attacked for errors or irregularities, where the court has jurisdiction of the parties and subject-matter, has been held many times by our Texas courts. 11 Michie's Digest, 138. But this rule does not apply to a void judgment. If the trial court has no jurisdiction of a cause by reason of a failure of the plaintiff to bring the defendant before it, then the judgment is void. As stated above, a void judgment can be attacked anywhere and at any time, and this being true, the writ of injunction would not have to be returned to the court which rendered the judgment. The record showing affirmatively that the trial court did not have jurisdiction of the person of the defendant or of the subject-matter, no affirmative proceeding is necessary to vacate it. Being a nullity on its face, it cannot be legally invoked against those whose just rights were sought to be affected by it. Murchison v. White, 54 Tex. 78, 82.

■ We having held that the sheriff's return herein was so defective as to be subject to the attack made upon it and that the testimony of defendant Gribble was admissible to impeach it, we also hold that the rule requiring two witnesses, or one witness and strong corroborating evidence supporting him, in order to attack an official return, has been complied with in this case. The copy of the writ and of the controverting affidavit served upon defendant Gribble is sufficient corroboration of his evidence.

■ But there is another assigned error which the appellant urges which we must sustain. No copy of the judgment showing any action on the plea of privilege or on the merits of the case was introduced by the plaintiff in evidence. Therefore the plaintiff in the case at bar has failed to show any proper ground upon which the judgment of the trial court could have been declared void. In order to sustain his cause of action as pleaded, the plaintiff should have introduced in evidence the judgments of the trial court which he alleged were rendered. The record in this case is very unsatisfactory, and we have covered in this opinion matters which should have been determined from a complete record, which we anticipate will be before the trial court at the next hearing. The plaintiff in this court has failed to sustain his pleadings by his proof, and unless the record is complete on another trial, or in the event the record introduced should show recitals in the judgment necessary to establish on their face the validity thereof, the trial court should dismiss this cause.

The judgment of the trial court is accordingly reversed, and the case is remanded to the district court for another trial and for developments.