## SCRUGGS v. GRIBBLE.
### No. 3623.

Court of Civil Appeals of Texas. Amarillo.
June 3, 1931.

Rehearing Denied Sept. 9, 1931.

R. H. Templeton, of Wellington, and H. A. Bateman and Burgess, Burgess, Chrestman & Brundidge, all of Dallas, for appellant.

Jas. C. Mahan and L. E. Gribble, both of Wellington, for appellee.

RANDOLPH, J.

This is the second appeal in this case, and the opinion on the former appeal will be found in (Civ. App.) 17 S.W.(2d) 153. We refer to such opinion for a substantial statement of the case on this hearing, with such additional statements as are necessary to be made to sustain any ruling herein.

On this hearing the sole question for our consideration is: Was the judgment of the county court of Dallas county herein attacked, void or only voidable?

It is agreed by counsel in the argument that the trial court's judgment should be affirmed in the case at bar, if the judgment of the Dallas county court at law is void, but that if said judgment was only voidable, then that the district court should have dismissed the proceedings before it and the case herein should be reversed.

The proceedings in the Dallas county court at law, in so far as they are of importance in the solution of the questions involving the validity of the judgment therein rendered, are as follows: The defendant in that suit, the plaintiff in this, filed his plea of privilege to be sued in Collingsworth county, the county of his residence. The plaintiff, in answer thereto, filed his controverting affidavit. This controverting affidavit was in due form and the question arises only as to the service of same upon the defendant by the sheriff of Collingsworth county.

It will be understood that the suit in which the judgment was rendered in the county court at law in Dallas' county was instituted by Gross R. Scruggs against Ed Julian, L. E. Gribble, and B. H. Hooker, and further that the judgment in the Dallas county court at law was a judgment by default.

The controverting affidavit and notation of the setting thereof by the Dallas county court are set out in full in the former opinion and will not be again copied.

Article 2008, Texas Civil Statutes 1925, provides as follows: "Upon the filing of such controverting plea, the judge or justice of the peace shall note on same a time for a hearing on the plea of privilege. Such hearing, unless the parties agree upon the date, shall not be had until a copy of such controverting plea, including a copy of such notation thereon, shall have been served on each defendant, or his attorney, for at least ten days exclusive of the day of service and the date of hearing, after which the court shall promptly hear such plea of privilege and enter judgment thereon. Either party may appeal from the judgment sustaining or over-ruling the plea of privilege, and if the judgment is one sustaining the plea of privilege and an appeal is taken, such appeal shall suspend the transfer of the venue and a trial of the cause pending the final determination of such appeal."

In our former opinion we held that the sheriff's return on the service of the controverting affidavit was invalid because of the failure of the sheriff to deliver to the defendant Gribble a copy of the plaintiff's controverting affidavit to the plea of privilege filed by defendant Gribble. The requirement of the above article 2008 that a copy of the controverting affidavit to the plea of privilege and of the court's notation thereon shall be served on each defendant in the pending case is mandatory, and the failure to so serve each defendant renders the court trying the case without jurisdiction to enter any other order or judgment except to transfer the case to the proper court.

In the case at bar the failure to serve a copy of the plaintiff's controverting affidavit to the defendant Gribble's plea of privilege came about by reason of an error on the part of the clerk of the Dallas court in attaching, to the process to be served on Gribble, a copy of the plaintiff's controverting affidavit to the defendant Julian's plea of privilege instead of the controverting affidavit to the defendant Gribble's plea. This was fully discussed in our former opinion and authorities cited to sustain our holding therein, and we therefore affirm such ruling.

The appellant contends that the judgment upon the pleas of privilege entered by the county court of Dallas county recites due and legal service of notice of the controverting affidavits upon all of the defendants—that the judgment is in all respects valid on its face and cannot be attacked collaterally. The copy of the Dallas court's judgment appears in the record at this time, and the recital of service on the defendants is as follows: "On this the 22nd day of January, A. D. 1927, at a regular term of this court, came on to be heard the respective pleas of privilege filed herein by the defendants Ed Julian, L. E. Gribble and B. H. Hooker, all filed herein on January 3, 1927, together with the plaintiff's controverting affidavits thereto filed on January 6, A. D., 1927, and it appearing to the court that each and all of the defendants have been duly and legally served with notice and certified copy of said controverting affidavits to be and appear in this court," etc., and overruling said pleas of privilege. The recital in the judgment that, "Each and all of said defendants have been duly and legally served with notice and certified copy of said controverting affidavits," could be true and yet the defendant Gribble could have been served as he was served with a copy of the controverting affidavit intended for defendant Ed Julian. But the service of the plaintiff's controverting affidavit to the defendant Julian's plea of privilege upon defendant Gribble could not give said Gribble notice that his plea of privilege had been controverted and set down for a specific date for hearing. Rodgers v. Green, 33 Tex. 662. And no inference or presumption will be indulged to aid an insufficient return of citation or process. King v. Goodson, 42 Tex. 152.

We held in our former opinion that a void judgment can be attacked in any court and at any time. That the record showing affirmatively that the trial court did not have jurisdiction of the defendant, or of the

subject-matter, no proceeding was necessary to vacate the judgment.

■ The appellant insists that the invalidity of a judgment must be determined alone from the face of the judgment. We cannot assent to this proposition. The invalidity of a judgment may be shown by the record other than the judgment itself. The record in a case includes the pleadings of the parties and the processes by which the defendant is brought into court.

In the case of Murchison v. White, 54 Tex. 78, 82, the Supreme Court of Texas says: "It is believed that a careful analysis of the cases on this subject will show that, in a collateral proceeding, the only contingency in which the judgment of a domestic court of general jurisdiction, which has assumed to act in a case over which it might by law take jurisdiction of the subject matter and the person, can be questioned, is when the record shows affirmatively that its jurisdiction did not attach in the particular case." And citing authorities. Further in that case the court says: "This question in such a proceeding must be tried by the recitals in the record itself and the presumptions arising therefrom."

That the entire record of the case, including an affidavit and application for citation by publication, may be considered in a collateral attack on a judgment, see Mabee v. McDonald, 107 Tex. 139, 144, 175 S. W. 676.

What is the result, as it affects a judgment rendered where a trial court ignores the proper filing of a plea of privilege, or where it overrules such plea, no controverting affidavit having been filed? This question is ably discussed by Judge Dexter Hamilton of the Dallas Court of Civil Appeals in the case of Craig, Sheriff, et al. v. Pittman & Harrison Co., 234 S. W. 1112. In that case suit was brought by the railroad company against Pittman & Harrison, Inc., to recover items of undercharge; the suit being brought in the justice court. The defendant in that case filed its plea of privilege in due time, but no controverting affidavit was filed by the plaintiff and no order disposing of the plea of privilege was made or entered by the trial court in that case. Thereafter, the justice rendered judgment for the plaintiff for a money recovery. Execution was thereafter issued and levied on the property of the defendant. Injunction was sought and obtained in the district court of Grayson county and the further proceedings under said writ were restrained. In that case, on appeal to the Dallas Court of Civil Appeals, it was held that the judgment in the justice court was void and that its enforcement could be restrained by enjoining the execution.

Upon writ of error being granted by the Supreme Court, the Commission of Appeals approved the holding of the Dallas court that the justice court's judgment was void because

there had been no controverting affidavit filed and the justice could only transfer the case and that his ignoring the plea and rendering judgment on the merits was a void proceeding. 250 S. W. 667, 668. See, also, Brooks v. Elevator Co., 211 S. W. 288, opinion by Chief Justice Huff of this court.

■■ The failure of Scruggs to have served on defendant Gribble a copy of his controverting affidavit, in compliance with the statute, rendered the judgment in the Dallas county court at law void, without reference to the recitals in the judgment; but, in our opinion, such judgment is void because of its own recitals in the failure of said recitals to show a sufficient service of the controverting affidavit and the notation of the court.

We hold that the judgment of the Dallas county court at law is void, and therefore affirm the trial court's judgment.