### GRIBBLE v. SCRUGGS.

#### No. 2754.

Court of Civil Appeals of Texas. El Paso.

Dec. 9, 1932.

Rehearing Denied Jan. 5, 1933.

Luther Gribble and Jas. C. Mahan, both of Wellington, for appellant.

H. A. Bateman and Burgess, Burgess, Chrestman & Brundige, all of Dallas, for appellee.

### HIGGINS, J.

This suit was filed in the county court at law of Dallas county, on November 27, 1926, by appellee, Scruggs, against Ed. Julian, B. H. Hooker, and appellant, Gribble. The action is upon a bond payable at Dallas, Tex., executed by Julian as principal and the other defendants as sureties. Gribble, on January 3, 1927, filed plea of privilege. Controverting affidavit was filed three days later. The plea was overruled on January 22, 1927, and judgment by default rendered in favor of Scruggs.

In an injunction suit subsequently brought by Gribble in Collingsworth county, the judgment was held to be void because of want of proper service upon Gribble of the hearing upon his plea. Scruggs v. Gribble (Tex. Civ. App.) 17 S.W.(2d) 153; Scruggs v. Gribble (Tex. Civ. App.) 41 S.W.(2d) 643.

The judgment in that case became final September 9, 1931, when motion for rehearing was overruled by the Amarillo Court of Civil Appeals.

On November 20, 1931, Scruggs filed a motion to set aside the default judgment previously rendered herein, which motion was granted, and the hearing upon the plea of privilege set for December 19, 1931. Due notice of the hearing to be held on said date was given Gribble, and he appeared by counsel. Exceptions and objections filed by him to the jurisdiction of the court were overruled, and, upon hearing of the plea of privilege, the same was overruled. Gribble prosecutes this appeal from the order overruling the plea.

Appellant's first two propositions read:

First. "Plaintiff having failed to secure service of notice of this controverting affidavit to defendant's plea of privilege at the first term of the court and having made no further effort to secure said service until the passing of twenty eight subsequent terms of court, lost his right to controvert said plea of privilege, and the court was without jurisdiction to make any other order than an order transferring the cause to the county of the defendant's residence."

Second. "When defendant L. E. Gribble filed his plea of privilege to be sued in the County of his residence, it was his right, as a matter of law, to have said plea of privilege passed upon at the term of court next after he had been served with citation to answer to, and was entitled to have served upon him notice, with the notation of the Judge thereon, and a certified copy of plaintiff's controverting affidavit to his (Gribble's) plea of privilege, and when plaintiff failed to have said notice served, returnable to the January, 1927, term of court of the County Court of Dallas County at Law,

No. One, plaintiff lost his right to contest said plea of privilege, and the Court was without jurisdiction to make any order other than one transferring the cause to the County of defendant's residence."

This is not a case where the controverting affidavit was filed after the time prescribed by law. The record here shows the history of the litigation in Collingsworth county. For such history we refer to the opinions of the Court of Civil Appeals reported in 17 S.W.(2d) 153, and 41 S.W.(2d) 643. After the judgment became final in that litigation, appellee acted promptly in having the void judgment set aside, another date set for the hearing upon the plea of privilege, and due notice thereof given.

We are clearly of the opinion that upon the facts of this case the court below never lost jurisdiction to finally dispose of the plea of privilege as it did on December 19, 1931, and appellee did not lose his right to contest the plea at that time. The reason for the delay is shown by the record in the Collingsworth county litigation. Spencer v. Sevier (Tex. Civ. App.) 5 S.W.(2d) 589; Republic Ins. Co. v. Harkrider (Tex. Civ. App.) 12 S.W.(2d) 250; Griffin v. Linn (Tex. Civ. App.) 3 S.W.(2d) 148.

The remaining proposition questions the sufficiency and competency of the testimony offered to show that appellant executed the bond sued upon. We regard this as without merit and as calling for no discussion.

Affirmed.