## ADAMS et al. v. EPSTEIN.
### No. 1538.

Court of Civil Appeals of Texas. Waco.
Dec. 6, 1934.

L. W. Shepperd, of Groesbeck, for appellants.

Reed & Cannon, of Groesbeck, for appellee.

GALLAGHER, Chief Justice.

This suit was instituted by appellee, A. A. Epstein, in the district court of Limestone county, against appellants, Will Adams, Menzies Shoe Company, a corporation, and Allen Melton, to restrain the enforcement of an alleged void judgment by the levy of an execution upon the property of appellee situated in said county. Said judgment was rendered by appellant Melton, a justice of the peace in and for justice precinct No. 7 of Dallas county, Tex., in favor of appellant Menzies Shoe Company and against appellee, Epstein. Appellant Adams was the duly qualified and acting sheriff of Limestone county, and execution on said judgment was in his hands for the purpose of enforcing collection thereof.

Appellant Menzies Shoe Company, on the 9th day of January, 1933, sued appellee in the justice court of precinct No. 7 in Dallas county, Tex., upon a verified account for the sum of $136.56. Citation on said demand was duly issued and made returnable on the 6th day of February, 1933, the first day of the February term of said court. Said citation was served on appellee on January 27, 1933, too late to require him to answer at said term. Appellee, however, on February 2, 1933, filed in said cause in said court a plea of privilege in statutory form, alleging that he then and had at all pertinent times theretofore resided in precinct No. 1 of Limestone county, Tex., and not in precinct No. 7 of Dallas county, and that such suit did not come within any of the exceptions provided by law in such cases authorizing the same to be brought or maintained in said justice precinct of Dallas county. He prayed therein that said cause be transferred to the justice court of the precinct of his residence as aforesaid for trial. Subsequently, appellant Melton notified appellee by mail that the case was set for hearing on February 17, 1933, to which notice appellee replied that he had not been served with citation in time to require him to answer at said term. Appellant Menzies Shoe Company did not file in said cause in said court any plea controverting the facts alleged in appellee's plea of privilege. Said appellant did, however, file in said cause a general demurrer and special exception to said plea. No notice of the filing of said demurrer and exception was given appellee, and no action thereon by the court was ever had. On said 17th day of February, 1933, said justice of the peace rendered judgment by default against appellee for the sum sued for, with costs of court. The judgment entered contained a recital that appellee had been "duly cited as required by law to appear and answer," but there was no reference therein to appellee's plea of privilege nor to said exceptions thereto. Appellant Melton, as such justice of the peace, on March 2, 1933, at the instance of appellant Menzies Shoe Company, issued an alias execution on said judgment to Limestone county, which execution was duly placed in the hands of appellant Adams, as sheriff of said county, for execution. Appellee thereupon filed this suit, and the court granted a temporary injunction herein, restraining appellees from at-

546

tempting to enforce said judgment by the levy of said execution upon the property of appellee.

The case was tried to the court, and judgment entered perpetuating said injunction, from which judgment this appeal is prosecuted.

## Opinion.

■ Appellants assail the judgment rendered by the trial court by various assignments of error. The gist of these contentions is that the judgment of the justice court of Dallas county was valid on its face, and that appellee was required to seek relief therefrom if he deemed the same erroneous by appeal or certiorari, and that an injunction to restrain the enforcement of the same by execution should have been issued by or returnable to a court of competent jurisdiction within the county in which such judgment was rendered. The facts have been hereinbefore stated. The trial court held that the judgment of the justice court of Dallas county upon which such execution was issued was void because at the time the same was rendered there was on file in the cause an uncontroverted and undisposed of plea of privilege interposed by appellee, the defendant in said cause, and because citation on appellee had not been served ten full days before the first day of that term of the court. The first of such holdings seems to be based upon and supported by numerous cases by practically all of our courts. The rule announced and supported by such authorities is concisely stated in the case of Galbraith v. Bishop (Tex. Com. App.) 287 S. W. 1087, 1089, par. 1, as follows: "Therefore, under the well-settled law of this state, a plea of privilege, sufficient on its face and filed in due time, deprives a court of jurisdiction to enter any other judgment than one transferring the case, unless a controverting affidavit be duly filed. If such a controverting plea is filed, it cannot be heard until the defendant has been served with notice thereof for ten full days." See, also, Schumacher Co. v. Dolive, 112 Tex. 564, 250 S. W. 673; Craig v. Pittman & Harrison Co. (Tex. Com. App.) 250 S. W. 667, 670, par. 1; Brooks v. Wichita Mill & Elevator Co. (Tex. Civ. App.) 211 S. W. 288, par. 4; Scruggs v. Gribble (Tex. Civ. App.) 17 S.W. (2d) 153, 156, pars. 1 and 2; Id. (Tex. Civ. App.) 41 S.W.(2d) 643, 644, pars. 1, 2 and 4; Gribble v. Scruggs (Tex. Civ. App.) 55 S.W. (2d) 867; John E. Quarles Co. v. Lee (Tex. Com. App.) 58 S.W.(2d) 77, 79, par. 4; H. II. Watson Co. v. Cobb Grain Co. (Tex. Com. App.) 292 S. W. 174, 177, pars. 9 to 11, inclusive; Smith v. Watson (Tex. Civ. App.) 44 S.

W.(2d) 815, 816, pars. 3 and 4; Texas-Louisiana Power Co. v. Wells, 121 Tex. 397, 48 S.W.(2d) 978, 980, 981, pars. 1 and 2; Ledger Co. v. Tweedy (C. C. A.) 69 F.(2d) 198, 199, par. 1. We are not unmindful of the fact that there are authorities holding that, where the court enters an order disposing of a plea of privilege on exception thereto or otherwise, a review of such action, though erroneous, must be sought by appeal or certiorari. Pevehouse v. Morton (Tex. Civ. App.) 63 S.W.(2d) 904, 906, par. 8, and authorities there cited; Hayes v. Bone (Tex. Civ. App.) 69 S.W.(2d) 180, 181, pars. 4 and 5. The rule so announced is inapplicable here because there was no attempt to dispose of appellee's plea of privilege. Such plea was simply ignored and judgment rendered as though it had never been filed. The court was without jurisdiction to render such judgment, and the same was therefore void.

■■ Appellee's suit in the district court of Limestone county to enjoin the enforcement therein of said justice court judgment by execution was a collateral attack thereon. Such an attack is permissible only when the invalidity of the judgment assailed appears affirmatively on the face thereof, or in the record on which it is based when not inconsistent with the terms of the judgment. 25 Tex. Jur. p. 703, § 259, and authorities cited in notes 13 and 14 thereto; State Mortgage Corporation v. Ludwig, 121 Tex. 268, 48 S.W. (2d) 950, 953, par. 3; Hopkins v. Cain, 105 Tex. 591, 594 et seq., 143 S. W. 1145; Cotton v. Rhea, 106 Tex. 220, 223, 163 S. W. 2; San Bernardo Townsite Co. v. Hocker (Tex. Civ. App.) 176 S. W. 644, 646, par. 2; Cockrell v. Steffens (Tex. Civ. App.) 284 S. W. 608, 609, par. 5; Milner v. Gatlin (Tex. Com. App.) 261 S. W. 1003, 1005, par. 4; Employers' Indemnity Corporation v. Woods (Tex. Com. App.) 243 S. W. 1085, 1088, par. 3; Gehret v. Hetkes (Tex. Com. App.) 36 S.W.(2d) 700, 701, par. 4. When the invalidity of a judgment is so shown, it may be attacked at any time or any place, by injunction or otherwise. 25 Tex. Jur., p. 692, § 254, and authorities cited in notes thereto; Murchison v. White, 54 Tex. 78, 82; Switzer v. Smith (Tex. Com. App.) 300 S. W. 31, 32, par. 5, 68 A. L. R. 377; Scruggs v. Gribble (Tex. Civ. App.) 17 S.W. (2d) 153, 156, par. 3; Id. (Tex. Civ. App.) 41 S.W.(2d) 643, 644 et seq., pars. 4 and 5; Newman v. Mackey, 37 Tex. Civ. App. 85, 83 S. W. 31, 33 (first column). Article 4656 of our Revised Statutes, invoked by appellants in support of their contention that the injunction herein could have been properly issued only by or returnable to a court of competent

jurisdiction of Dallas county, in which such judgment was rendered, has, in such cases, no application. 24 Tex. Jur. p. 164, § 120; Carey v. Looney, 113 Tex. 93, 96, 251 S. W. 1040, 1041, par. 2; Bender v. Damon, 72 Tex. 92, 94, 9 S. W. 747; Cotton v. Rhea, supra; Ketelsen & Degetau v. Pratt (Tex. Civ. App.) 100 S. W. 1172, pars. 1 and 2; Automobile Finance Co. v. Bryan (Tex. Civ. App.) 3 S.W. (2d) 835, 839, pars. 5 to 7, inclusive, and authorities there cited; Wright v. Shipman (Tex. Civ. App.) 279 S. W. 296, 297, par.. 1 (writ refused) and authorities there cited.

The invalidity of the judgment rendered by the justice court is affirmatively shown by the record, and such judgment was therefore subject to collateral attack, and the trial court properly restrained appellees from enforcing the same by the levy of the execution issued thereon.

A discussion of the other issues involved in this appeal is therefore unnecessary. The judgment of the trial court is affirmed.