### LEWIS v. TERRELL.

No. 9025.

Court of Civil Appeals of Texas. Austin.

July 23, 1941.

Rehearing Denied Sept. 24, 1941.

152

J. W. Thomas, of Belton, for appellant.

Edgar W. Cale, of Austin, for appellee.

BLAIR, Justice.

This proceeding was filed by appellee, J. P. Terrell, in the District Court of Bell County, for a temporary, and on final hearing a permanent, injunction to restrain the sheriff of Bell County from selling certain property levied upon by him under an alias execution issued upon an alleged void judgment of the County Court of Bell County in favor of appellant against appellee, and to restrain appellant from taking any further action to enforce the judgment. The trial to the court without a jury resulted in judgment for appellee as prayed; hence this appeal.

The facts show that on April 6, 1936, appellant Lewis sued appellee Terrell in a justice court of McLennan County for $115, alleged to be due him upon a contract, which suit was, on the plea of privilege of appellee, transferred to a justice court of Bell County, where, on August 6, 1936, the jury trying the case found: "We, the jury, in the case of Lewis v. Terrell, find the case in favor of the defendant." This verdict was signed by the foreman, copied by the justice of the peace on his trial docket, and on the same day he noted on the trial docket notice of appeal by appellant to the County Court; and later noted on the docket: "Transcript mailed to County Clerk of Bell County, this the 30th day of September, 1936." Notations that all costs were paid, including the cost of final judgment, were made on certain dates by the justice of the peace on his docket. Later the attorney for appellee moved the County Court to dismiss the appeal, which, on April 26, 1937, was granted upon the ground that "no final judgment in said cause has been entered in the justice court." On April 28, 1937, appellant filed a motion in the justice court to enter judgment nunc pro tunc, which the justice of the peace granted, and noted the following on his trial docket:

"April 28, 1937. Motion to enter decree nunc pro tunc filed and granted. Judgment entered as follows: .

"The above entitled and numbered cause came on for trial this 6th day of Aug., A.D. 1936, and both parties being present and announced ready for trial, and a jury was impaneled; and the jury having heard the pleadings, evidence and argument of counsel, entered a verdict as follows:

" 'We, the jury in case of Lewis v. Terrell, find the case in favor of defendant. Signed, L. P. Archer, Foreman.'

"It is therefore ordered, adjudged and decreed by the court that plaintiff take nothing this suit, and that defendant, J. P. Terrell, go hence and recover his costs herein. O. W. Word, J. P. Prec. No. 5, Bell Co., Texas."

This nunc pro tunc judgment was called to the attention of the County Court by appellant's motion to reinstate the appeal, but the motion to reinstate was overruled on May 18, 1937. Nothing further was done in the case until appellant's present counsel entered the case, and who, on March 23, 1939, filed a motion in the justice court to reinstate the cause and to grant him a new trial, which on the same day was overruled; and counsel for appellant prepared, and the justice of the peace entered, the following order: "On this the 23rd day of March, 1939, came on to be finally considered the plaintiff's, C. J. Lewis, motion for trial and reinstatement of this cause, and appearing to the court that heretofore a final judgment was entered in said cause finally disposing of the issues involved in the suit, and that the plaintiff has had a fair trial in this court, it is, therefore, ordered, adjudged and decreed that his motion for another trial in this court be in all things denied, and his cause is accordingly finally dismissed, and all costs are adjudged against the plaintiff, C. J. Lewis."

On the same day, March 23, 1939, appellant gave notice of appeal to the County Court, and thereafter filed a transcript of the record on March 27, 1939, and on June 6, 1939, requested and was granted judgment by default. An execution was issued on this judgment, but was returned by the sheriff with the notation, "nulla bona." Later, December 4, 1939, an alias execution

was issued, and on December 14, 1939, the property in suit was levied upon under the alias execution.

■ The acts of the justice of the peace on August 6, 1936, in copying on his docket the jury's verdict of that date in favor of appellee; in noting on the same date that appellant gave notice of appeal to the County Court; together with later notations on the docket that all costs, including the cost of entering final judgment, had been paid, and that the transcript of the record had been mailed to the county clerk, show conclusively on the face of the record that final judgment was rendered by the justice of the peace on August 6, 1936, as between the parties, although it was not formally entered on the docket and signed by the justice of the peace at the time as required by Art. 2431, R.S. 1925, and although the formal entry of the judgment on the docket may have been a necessary prerequisite to an appeal to the County Court. The rule is settled that the judgment is what the court pronounces, and is the judicial declaration by which the issues are settled; and that its formal entry is merely the ministerial act by which permanent record of the judicial act is made. Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040; Turley v. Tobin, Tex.Civ. App., 7 S.W.2d 949; Cleburne Nat. Bank v. Bowers, Tex.Civ.App., 113 S.W.2d 578.

■ When the motion was made in the County Court to dismiss the appeal because the judgment had not been entered on the docket of the justice of the peace, appellant properly proceeded to procure a nunc pro tunc order to enter the judgment; and on April 28, 1937, the judgment rendered on August 6, 1936, was properly entered on the docket of the justice of the peace and signed by him. Texas Land & Loan Co. v. Winter, 93 Tex. 560, 57 S.W. 39; Gulf, C. & S. F. R. Co. v. Atlantic Fruit Distributors, Tex.Civ.App., 184 S.W. 294; Hudgins v. T. B. Meeks Co., Tex.Civ.App., 1 S.W.2d 681. This nunc pro tunc judgment was called to the attention of the County Court by the motion of appellant to reinstate the appeal in the County Court, which motion was overruled on May 18, 1937. This action of the County Court was erroneous, but no appeal having been taken from the action dismissing the appeal, the judgment of August 6, 1936, became final.

■ There is no merit to the contention made in this connection that the order and entry of the judgment nunc pro tunc were void because notice thereof was not given to appellee. Appellee is not complaining of the order, which appellant himself procured. Nor was notice of such proceeding necessary, because its object was merely to properly exhibit of record the judgment that had actually been rendered, and was only a ministerial act which could have been entered by the justice of the peace on motion of either party, or on his own motion. 25 Tex.Jur., pp. 435–439, and cases there cited.

■ The judgment of the justice court rendered August 6, 1936, and entered by the later nunc pro tunc order, having become final, the order of March 23, 1939, by which the justice of peace overruled appellant's motion to reinstate the case, which had never been dismissed, and for a new trial, and purporting to finally dismiss the case from the justice court docket, was void, because the justice of the peace had no jurisdiction to enter any order changing the final judgment rendered and entered by nunc pro tunc order at a prior term. The appeal to the County Court was from the judgment which the justice court had no jurisdiction to render, and in consequence the County Court acquired no jurisdiction to render its judgment of June 17, 1939, and its enforcement was properly enjoined by this suit. Childress Oil Co. v. Wood, 111 Tex. 165, 230 S.W. 143. This is true even though the injunction proceeding constitutes a collateral attack on the void judgment. Gehret v. Hetkes, Tex. Com.App., 36 S.W.2d 700; Ringgold v. Graham, Tex.Com.App., 13 S.W.2d 355; Adams v. Epstein, Tex.Civ.App., 77 S.W. 2d 545; Bearden v. Texas Co., Tex.Civ. App., 41 S.W.2d 447, affirmed, Tex.Com. App., 60 S.W.2d 1031. And where, as in the instant case, it appears from the face of the record that the judgment sought to be enforced is void, its enforcement may be enjoined by a collateral proceeding, even though a right of appeal or writ of error may exist. Maier v. Davis, Tex.Civ.App., 72 S.W.2d 308; Scruggs v. Gribble, Tex. Civ.App., 17 S.W.2d 153; Id., Tex.Civ. App., 41 S.W.2d 643, 644.

The judgment of the trial court is affirmed.

Affirmed.