### BEVIL v. TROTTI.

(Court of Civil Appeals of Texas. Galveston. Nov. 17, 1911.)

JUDGMENT (§ 427*) — EQUITABLE RELIEF — GROUNDS.

Where the uncontroverted answer of a garnishee required his discharge under Rev. St. 1895, art. 227, he was not guilty of culpable negligence in failing to appear and see that a judgment of discharge was entered, and the

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

enforcement of a judgment against him, rendered on an erroneous construction of the answer, will be enjoined, and the judgment set aside, on the garnishee promptly seeking relief on obtaining information of the judgment.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 427.*]

Appeal from Hardin County Court; W. H. Davidson, Special Judge.

Garnishment by J. R. Bevil, a judgment creditor of the South Silsbee Lumber Company, against W. E. Trotti, as garnishee. There was a judgment against the garnishee, and he sued to enjoin proceedings to collect the judgment, to set it aside, and to grant a new trial. From a judgment granting relief to the garnishee, the judgment creditor appeals. Affirmed.

W. W. Blake and B. L. Aycock, for appellant. D. F. Singleton, for appellee.

McMEANS, J. J. R. Bevil, having recovered a judgment against the South Silsbee Lumber Company for $412 in the county court of Hardin county, sued out a writ of garnishment against W. E. Trotti, who was in fact a resident of Jasper county, but who was served with the writ in Hardin county, where he was temporarily staying at the time. Trotti answered, denying any indebtedness to the defendant, in the terms of the statute, or that he had any property or effects of defendant in his possession, except certain open accounts which had been left with him for collection. In the list of accounts so set out it was stated that certain of them had been paid; the meaning of the answer clearly being that they had been paid, not to Trotti, but to the judgment debtor. Trotti had a lawyer prepare his answer and file it, by whom he was assured that he would be discharged upon his answer.

Plaintiff, Bevil, did not controvert the answer, but moved the court to render judgment against the garnishee upon the answer, on the ground that it admitted an indebtedness to the judgment debtor in an amount in excess of the judgment. This conclusion was arrived at by construing the answer to mean that the accounts that were stated to have been paid had been paid to Trotti, and that he owed defendants the money. The court rendered judgment in accordance with the motion. Trotti knew nothing of this judgment until September, 1910, more than a year after the rendition of the judgment, when he promptly brought this suit against Bevil and the sheriff of Hardin county to enjoin proceedings to collect the judgment, to set aside the judgment, and to grant him a new trial. The court granted his petition, set aside the judgment, and, on the new trial granted, rendered judgment on the garnishment for the garnishee, from which Bevil, the plaintiff in the garnishment, appeals.

The petition alleged that appellee had a good defense, that in fact his answer had been misconstrued, and that he was not liable on the garnishment. We think the excuse alleged for failure to move for a new trial during the term was sufficient. It appears with reasonable clearness, we think, that the answer of the garnishee was sufficient to require his discharge, unless it was controverted, which, as we have seen, was not done. Having filed such answer as to entitle him to be discharged, appellee was not guilty of culpable negligence in failing to appear in court and see that such judgment was entered. The judgment against him was unauthorized. When a garnishee answers, denying any indebtedness, or that he had in his hands any effects, etc., and that he knows of no one who is so indebted or has effects of the defendant in his hands, the statute requires that the court "shall enter judgment discharging him." R. S. 1895, art. 227. Appellee was not culpably negligent in regard to his ignorance of the rendition of the judgment. As we have stated, he brought this suit promptly when he first obtained information of the judgment, and it was shown clearly and conclusively that the judgment was rendered upon a mistake and that appellee was not in any way liable upon the garnishment.

We think the trial court did not err in so holding, and the judgment is affirmed.

Affirmed.