## COOK v. PANHANDLE REFINING CO.
### (No. 9196.)

(Court of Civil Appeals of Texas. Dallas. Dec. 6, 1924. Rehearing Denied Jan. 10, 1925.)

1. **Judgment ⬌460(1)—Petition seeking relief against judgment held not subject to general demurrer.**

Petition for injunction against execution of judgment against garnishee, rendered on its answer by mistake not mentioning some of the defendants, not learned of till too late to file motion to set it aside at term at which rendered, and alleging meritorious defense to garnishment, *held* not subject to general demurrer.

2. **Judgment ⬌460(3)—Petition, held not to show garnishee's failure to answer as to some defendants, resulting in default judgment, was due to its negligence.**

Petition for injunction against judgment against garnishee, rendered on its answer by mistake failing to mention some of the defendants, *held* not to show that such failure was the result of its negligence.

3. **Judgment ⬌407(6)—Remedy by writ of error against default judgment not adequate.**

Remedy by writ of error is not adequate, so as to prevent injunction, where default judgment against garnishee, because of its answer by mistake not mentioning some of the defendants, was not learned of till too late to move to set aside at term at which rendered; it being necessary to introduce evidence in support of the issues which could not be done on appeal.

4. **Injunction ⬌16—"Adequate remedy at law" defined.**

"Adequate remedy at law," preventing relief by injunction, means a remedy which is plain and complete, and as practical and efficient to the ends of justice and its prompt administration as a remedy in equity.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Adequate Remedy.]

5. **Judgment ⬌460(3)—Petition held not to claim any duty of adversary to inform of setting of case or rendition of judgment.**

Petition for relief by injunction against default judgment, negativing the receiving of information of setting of case or rendering of judgment, *held* not to claim any duty of adversary to give information.

6. **Judgment ⬌460(3)—Special exception to petition, as basing cause of action on mistake of law, properly overruled.**

Petition for injunction against execution of default judgment against garnishee as to one defendant *held* not subject to special exception of basing cause of action on mistake of law; petitioner's failure to properly answer to such defendant being due to mistake of which it had no knowledge, and it relying on a mistake of law, only in part, to excuse its failure to sooner learn of the mistake or omission resulting in the judgment.

7. **Judgment ⬌405—Injunction against execution of judgment on default through mistake of garnishee proper.**

Injunction against execution of default judgment against garnishee as to one defendant *held* properly perpetuated; it being found on sufficient evidence that garnishee's excuse for not filing motion in time to set aside default was sufficient, and it having alleged and proved a state of facts which would have entitled it to a discharge from liability on account of the garnishment.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Suit for injunction by the Panhandle Refining Company against Thomas Cook. Judgment for plaintiff, and defendant appeals. Affirmed.

Tresp & Rawlins, of Dallas, for appellant. R. C. Stanford, of Wichita Falls, for appellee.

VAUGHAN, J. On the 2d day of February, 1923, appellant, as plaintiff, instituted a suit No. 46070c in the Forty-Fourth district court of Dallas county against Warren M. Beaman, Inc., Warren M. Beaman, and G. E. Burton, as defendants, upon a promissory note in the sum of $740, with interest and attorney's fees, and on said date applied for and obtained a writ of garnishment against the Panhandle Refining Company, a private corporation, appellee, said garnishment suit being numbered 46071b/c, and caused said writ to be duly served upon appellee as garnishee, requiring it to answer on the 2d day of April, 1923, what, if anything, it was indebted to the defendants in said cause No. 46070c, or either of them, and what effects, if any, it had in its possession belonging to said defendants, and what other persons within its knowledge, if any, were indebted to said defendants or had effects belonging to them in their possession.

On April 1, 1923, appellee, as garnishee, caused to be filed its answer to said writ of garnishment, in which appellee alleged that it was not then, nor was it at the time of service of such writ of garnishment, indebted to Warren M. Beaman; that it was not then, nor was it when said writ of garnishment was served upon it, in possession of any effects belonging to said Warren M. Beaman; and, further, that it did not know of any person, or persons, who were indebted to the said Beaman or had effects belonging to him in their possession. Further answering, appellee alleged certain transactions between it and said Beaman, detailing the purchase of certain crude oil by appellee from said Beaman, and further alleged that said proceeds of said sale had been assigned by said Beaman to various and sundry persons, naming the persons and the amount transferred to each, and, further, that the following sums

so assigned were still held by it, to wit, $851, $2,727, and $851, which sums it alleged were held for the benefit of the alleged assigns of Warren M. Beaman, and asked that it be discharged upon said answer with its costs, including compensation of $25 for the preparation of said answer.

Appellee did not mention in its answer Warren M. Beaman, Inc., and G. W. Burton, two of the defendants in the original suit, but, by its terms, said answer was limited to Warren M. Beaman, and did not file any other or further answer, and failed to answer as to Warren M. Beaman, Inc., and G. W. Burton.

On the 21st day of April, 1923, appellant (plaintiff in the original suit and garnishment) dismissed its suit as to G. W. Burton and obtained a judgment by default in said original suit against Warren M. Beaman, Inc., and Warren M. Beaman, personally, for the principal sum sued for, with interest and attorney's fees, and, thereafter, on the same day said garnishment suit was heard, resulting in judgment in favor of garnishee on its answer theretofore filed as to said Beaman, and judgment against the garnishee by default as to Warren M. Beaman, Inc., for the amount of the judgment rendered in the original suit, including costs of same and the costs incurred in the garnishment suit, in the total sum of $980.

Appellant, when and as authorized by law, caused an execution to be issued against appellee as garnishee for the amount of said judgment and costs. The officer with whom said writ was placed for attention demanded of appellee the payment of the several sums in said writ called for. Soon thereafter, on the 19th day of June, 1923, appellee filed its petition in the court below for a temporary injunction, restraining appellant from collecting said judgment, and praying for a cancellation of the judgment, and that on final hearing the temporary injunction be made permanent.

Appellee admitted in said petition that it had been served with said writ of garnishment and alleged that it had attempted to file a complete answer to all of the questions in said writ as to all of the defendants therein named, and that it was its purpose and intention in answering said writ to do so as to all of the defendants therein named, but that, in reducing said answer to writing, its attorneys to whom it had intrusted the preparation of said answer, through oversight or inadvertence, omitted the names of the defendants Warren M. Beaman, Inc., and G. W. Burton; and further alleging that, at about the time of the filing of said answer it learned that a petition in bankruptcy had been filed against the said Warren M. Beaman which led appellee to believe, and it did believe, that said writ of garnishment would be abated and of no further effect, and, acting under this belief, and feeling secure after having diligently attempted to file a proper answer to said writ of garnishment, it paid no further attention thereto; and further alleged that, although appellee was in the city of Dallas at all times, it was never advised when said cause was called for trial or that judgment had been rendered against it, and that it never learned that judgment had been rendered against it until June 14, 1923, when it was presented with an execution on said judgment, which was after the close of the April term of the Forty-Fourth district court of Dallas county, Tex., and after the time had lapsed within which it would be authorized to file a motion for a new trial, and that, by reason of all the above facts, it had failed to be present to present its defense to such garnishment suit; and further alleging that it had a valid defense against said garnishment suit, in that, at the time it was served with the writ of garnishment, and at the time judgment was rendered thereon, it did not owe either Warren M. Beaman, Inc., Warren M. Beaman, or G. W. Burton anything nor did it have any of their effects in its possession, nor did it ever at any time owe the said Warren M. Beaman, Inc., or G. W. Burton anything, nor did it ever at any time have any effects belonging to either Warren M. Beaman, Inc., or G. W. Burton in its possession, nor did it know of any other person who owed either of them anything or had any effects in his possession belonging to either of them at any time; and, but for the oversight, mistake, and clerical error in reducing its answer to said writ of garnishment to writing, appellee would have so stated, which would have been a complete defense and entitled appellee to be discharged from said garnishment.

The court, upon an ex parte hearing of said application, granted a temporary injunction against the appellant and his attorneys and agents, and the sheriff of Dallas county, Tex., restraining them from collecting said judgment or levying said execution upon the property of appellee. Appellant's answer consisted of general demurrer, special exceptions, and general denial. Final hearing of said injunction suit was heard before the court on June 30, 1923, which resulted in the court sustaining a special exception to that portion of appellee's petition which reads: "Coupled with its belief that the writ of garnishment would be abated by the bankruptcy proceedings," and ordered that it be stricken from the petition and the overruling of all other exceptions presented by appellant and judgment being rendered, perpetuating said temporary restraining order.

The appellant duly prosecuted his appeal from said judgment and, in support thereof, presents the following propositions, to wit: That the trial court erred (a) in overruling his general demurrer, (b) and erred in over-

ruling his several special exceptions addressed to appellee's petition as follows: (1) That same does not show or allege that the failure to file proper answer in the garnishment suit was not due to appellee's own negligence, said petition showing that same was due to the gross negligence of the appellee; (2) that appellee, as shown by the allegations of said petition, had an adequate remedy at law, in that it could have had said garnishment case reviewed by the Court of Civil Appeals by writ of error; (3) that no duty was imposed by law upon appellant to inform appellee of the setting of the garnishment case or of the rendition of judgment therein; (4) that said petition shows upon its face that appellee bases its cause of action upon a mistake of law; and (c) that the judgment perpetuating the temporary writ of injunction is contrary to and not supported by the evidence and, therefore, should be reversed.

We find the following facts to have been established: That immediately after the writ of garnishment was served, appellee, as garnishee, attempted in good faith to answer thereto as to all of the defendants named in said writ; that its answer as filed was only as to Warren M. Beaman, the other two defendants being entirely omitted therefrom; that this omission was not intended, but was purely an oversight, the result of a clerical error amounting to a mistake, without any fault or neglect on the part of appellee; that appellee did not at the time the writ of. garnishment was served and at the time it answered, and at the time the judgment was taken against it, nor at any other time, owe Warren M. Beaman, Inc., anything or have any effects in its possession belonging to Warren M. Beaman, Inc., or know of any one else who had in his possession anything belonging to Warren M. Beaman, Inc., or who owed Warren M. Beaman, Inc., anything.

Appellee did not learn of the rendition of the judgment in garnishment against it in time to file motion to set it aside at the term same was rendered; that garnishee, not being sure as to what would be the result of the garnishment, withheld amounts from two of the assignees aggregating $1,740, which amount has been withheld from the date of garnishment to the present time, appellee not having been advised of the disposition of the garnishment suit until June 14, 1923; and, further, because the bankrupt court has been, and is now asserting some claim to said money. Up to the time said execution was presented, to wit, June 14, 1923, the parties charged with the duty of filing answer for appellee to said writ of garnishment felt certain that said writ had been fully answered. It was the purpose and intention of appellee, as garnishee, acting through its treasurer, to make a full and complete answer to said writ of garnishment, relying entirely upon its at-

torney to properly prepare same. It was not the intention of the treasurer or attorney representing appellee in the filing of its answer to omit any one of the defendants therefrom. No officer of garnishee knew that two of the defendants had been left out of its answer to the writ of garnishment, or that same was not complete as to all defendants when filed, nor, until after the 14th day of June, 1923. If appellee should be required to pay said judgment, the amount so paid would be a loss to it.

[1] From many angles appellant urges that his general demurrer was well taken and the court, therefore, erred in overruling it on some, if not all, of the grounds urged. The petition alleges a good excuse for (a) appellee not answering as to all of the defendants or making a defense on the trial at which default was taken; (b) the failure to file in time, motion or application to set default aside within the term; and, further alleged that, if the judgment were allowed to stand, appellee would suffer irreparable loss and, in addition thereto, such a state of facts that, if true, would establish prima facie a meritorious defense to appellant's garnishment proceedings. Therefore, under no theory that was advanced, or that in our opinion could be advanced, is the petition subject to general demurrer, and we overrule all assignments and propositions based on the action of the court in refusing to sustain same.

[2] As to the first special exception, it is sufficient to say the substance of the allegations herein stated show that failure to file proper answer as to all defendants was not the result of appellee's negligence, in that it directed the filing of its answer to be made by its attorney in due time; that it intended to file, and attempted to file, through its treasurer and attorney, a complete answer to all the questions in said writ of garnishment served upon it as to all of the defendants therein named; and it, in fact, filed an answer as to one of the defendants, and did not know that said answer did not contain all of the defendants until called upon to pay execution issued upon the judgment. The ruling of the court in this respect is sustained. Dowell v. Winters, 20 Tex. 793; Bevil v. Trotti (Tex. Civ. App.) 141 S. W. 287.

[3] Second special exception was properly overruled. Appellee, by writ of error, could have prosecuted an appeal from the judgment rendered in garnishment, and thus had the case reviewed by the Court of Civil Appeals on the record only as the same existed at rendition of judgment. This, however, would not have furnished appellee with an adequate remedy; it being necessary to introduce other evidence in support of issues not originally before the trial court and essential to be presented for the first time in order to properly present appellee's claim for relief against the default judgment, the

right to introduce evidence other than that before the trial court being denied on appeal. Therefore the procedure resorted to by appellee furnished the only means of properly presenting his asserted right to relief from the judgment rendered against it in garnishment.

[4] The term "adequate remedy at law" means "a remedy which is plain and complete and as practical and efficient to the ends of justice and its prompt administration as a remedy in equity." Keplinger v. Woolsey, 4 Neb. (Unof.) 282, 93 N. W. 1008, 1009; Ames v. Union Pacific Ry. Co. (C. C.) 64 F. 165; State v. Guinotte, 156 Mo. 513, 57 S. W. 281, 50 L. R. A. 787; A. B. Richards Med. Co., Inc., v. C. Johnson (Tex. Civ. App.), rendered November 22, 1924, 267 S. W. 1067.

[5] It is true that no duty is imposed by law upon litigants to keep one another informed of the setting of cases, or the rendition of decrees therein, but, to the contrary, a party to a suit is required to exercise due diligence to be advised in reference thereto, and the failure of a suitor to inform the opposition of proceedings had or to be had cannot be made the grounds for relief, unless the giving of notice thereof be required by law or the withholding of it would amount to a fraud. However, appellee did not allege that it was appellant's duty to have informed him of the setting of the case or of the rendition of the judgment, but negatived only the idea that it had received information in those respects from appellant or from any other source, and did not rest its case on the question of "negligence" or "diligence" on the allegations excepted to. This assignment is therefore overruled.

[6] It may be conceded that that portion of appellee's petition, questioned by fourth special exception, in part alleges a mistake of law and, to that extent, lessen appellee's diligence to obtain relief by the filing of proper motion within time in the court below; but it is apparent from the allegations that this condition could arise only after it had filed an answer to the writ of garnishment upon which it thought it would be entitled to be discharged. In any event, it cannot be gathered from the pleadings that appellee relied upon a mistake of law, other than in part, to excuse it for its failure to sooner learn of its mistake or omission which resulted in the default judgment, and, in addition to this, it had the valid excuse that it believed it had filed a proper answer and, if it had filed a proper answer, there would be no doubt as to its right to be discharged. Its failure to properly answer as shown by its pleading is due to mistake, of which it had no knowledge. Therefore it was excusable for appellee to have relied upon its answer to secure its discharge. Bevil v. Trotti, supra.

As to the sufficiency of the mistake of law as an excuse for default in like cases, Mr.

Justice Wheeler, speaking for our Supreme Court in the case of Dowell v. Winters, supra, announced the following general principle: In this case an attorney failed to make answer in a suit against his client through a mistake of law, but, in an independent action, filed a pleading in which he prayed for injunction against the maintenance of the suit as instituted on the part of plaintiff. It was held that the prayer for injunction was no impediment to the rendition of judgment by default for want of answer, but that an—

"application [to set it aside] addressed itself to the sound discretion of the court, to be determined by considerations of convenience and equity. * * * But where the trial has not been delayed, and there is an affidavit of merits, we think the default should be set aside and the answer received, upon some showing by way of excuse for the failure to plead in time. The excuse proffered in this case was certainly very slight, but it appears that the counsel acted under a mistake of law. Both counsel and client appear finally to have done their best to make amends; they present what seems to be a strong case of merits."

The discussion of the question involved and the conclusion reached by Judge Wheeler is just as applicable to the instant case as to the facts involved in the cited case. The court did not err in overruling said exception.

Appellee acted in good faith in its efforts to file, and believed that it had filed, a complete answer upon which the court would be required to discharge it; therefore it did not learn that default judgment had been rendered against it on account of its innocent mistake in time to file proper motion or application to have same set aside, either within two days or within the term. However, it did take prompt action upon learning of such judgment, and its excuse for the delay being found to be sufficient by the trial court, as was its allegation that it had a meritorious defense, and it not being shown that appellant would suffer thereby, the action of the trial court in opening the default and trying the case upon its merits was a proper exercise of the discretion vested in it by law. Belknap v. Groover (Tex. Civ. App.) 56 S. W. 250; Paggi et al. v. Rose Mfg. Co. et al. (Tex. Civ. App.) 259 S. W. 962.

[7] As to the sufficiency of the evidence to sustain the judgment setting aside the default and entering judgment perpetuating the temporary writ of injunction, it may be admitted that the evidence is not cogent but rather weak. However, sufficient to sustain the conclusion reached by the trial judge. To have permitted this judgment by default to stand would have been to violate that wholesome rule of equity that will not allow one to enrich himself unjustly at the expense of another, through or by reason of an innocent mistake of law or fact entertained by the loser, or by both. Bronson v. Leibold, 87

Conn. 293, 87 A. 979; Park Bros. v. Blodgett & Co., 64 Conn. 28, 29 A. 133.

Appellee had a meritorious defense to the garnishment proceedings and, in good faith, acting through its officers and attorney, attempted to set up the defense which would have secured its discharge. By the default on account of conditions not intended to be produced, but which appellee earnestly endeavored to prevent from arising, appellant obtained an advantage which, we think, comes within the principle announced in the case of Monroe Nat. Bank v. Catlin, 82 Conn. 231, 73 A. 3, that, when one has obtained such an advantage over another by reason of that other's mistaken view of his legal rights, that it would, under the circumstances, be unconscionable for him to retain it, equity will not allow him to do so.

It is not the purpose of the garnishment law to penalize one called upon to answer a writ of garnishment for failure to make full answer. The liability imposed by such failure is based on the assumption that such default is tantamount to an admission of liability under one of the grounds that would render the garnishee liable under the law for the payment of the debt on which garnishment was based. Freeman v. Miller, 53 Tex. 377.

The trial court having found, which findings are supported by evidence, that appellee's excuse for failing to answer, and for its failure to file motion in time to have default set aside, was sufficient and, appellee having alleged and proved a state of facts which would have entitled it to a' discharge from liability on account of the garnishment proceedings, the judgment perpetuating the temporary writ of injunction was correctly entered, and is therefore affirmed.

Affirmed.