BUHRMAN–PHARR HARDWARE CO. v.
MEDFORD BROS. et al.

No. 5314.

Court of Civil Appeals of Texas. Texarkana.

June 3, 1938.

Rehearing Denied June 9, 1938.

Forsythe & Kepke, of Dallas, for appellant.

Sam K. Hocker, of Clarksville, for appellees.

WILLIAMS, Justice.

This is an appeal from a judgment wherein the District Court of Red River County perpetually enjoined appellants B. H. Fly, Justice of the Peace, Precinct No. 1, Dallas County, and Buhrman-Pharr Hardware Company, from issuing, obtaining or levying an execution upon the chattels or lands of appellees, Brose Medford, John Medford, and Medford Brothers, a partnership, for the purpose and with the intent of satisfying a judgment rendered against the appellees in the Justice of the Peace Court, Precinct No. 1, Dallas County. The Hardware Company hereinafter will be referred to as plaintiff and the Medfords as defendants, this being their respective positions in the justice court.

Plaintiff filed suit against the defendants in said justice court to recover judgment upon an open account alleged to be due by defendants for merchandise. The citation commanded defendants to answer May 4, 1936, on which date defendants filed their plea of privilege to be sued in Red River County, Texas. On May 15, 1936, that court rendered judgment by default against defendants in favor of plaintiff for the sum of $127.73. This judgment recites that defendants' plea of privilege had been filed on May 4th and that on May 15th it sustained special exceptions urged against the plea and overruled said plea of privilege. More than 90 days after rendition of the judgment an alias execution was issued out of the justice court and placed in the hands of Joe Wilborn, Constable of Precinct No. 8, Red River County, he, together with above-named Justice of the Peace, being made defendant in the injunction proceedings. He was proceeding to execute this writ when the defendants secured a temporary injunction to restrain the execution of same. This alias execution in the hands of this constable was the first notice that any contest had been made against defendants' plea of privilege or that a judgment had been entered in the justice court. This being more than 90 days after the rendition of the judgment, the time for an appeal by certiorari had lapsed.

The parties to this injunction proceeding have agreed that the plea of privilege of defendants was duly and timely filed in said justice court; that said plea was in due and statutory form and stated that no exception to the exclusive venue in the county of one's residence provided by law existed in said cause; and said plea further stated that defendants resided in Justice Precinct No. 8, Red River County, at the time of the institution of the suit and at the time of the filing of the plea of privilege. It further was agreed that said plea did not state that there was a duly elected and qualified justice of the peace in said precinct. This record discloses that the plaintiff is a foreign corporation domiciled in Miller County, Arkansas; that the suit was upon an open acount; that the defendants had never resided in Dallas County, but at the time of the institution of the suit, service of the process upon them, and at the time of the filing of the plea of privilege were and still are residents of said Justice Precinct No. 8 of Red River County, Texas.

■ From the foregoing agreement it is patent that defendants had in all respects complied with Article 2007, R.C.S.1925, in filing their plea of privilege. This plea so filed deprived said justice court of Dallas County of jurisdiction to enter any other judgment than one transferring the case, unless a controverting affidavit be duly filed under Article 2008, R.C.S.1925. Galbraith v. Bishop, Tex.Com.App., 287 S.W. 1087; Adams v. Epstein, Tex.Civ. App., 77 S.W.2d 545, and authorities there cited. Plaintiff did not file a controverting affidavit to this plea of privilege within five days after appearance day, or at any other time.

■ Plaintiff contends that when it filed its special exceptions to the defendants' plea of privilege in the justice court it challenged the sufficiency of the plea of privilege and was not controverting any fact alleged in the plea of privilege. That therefore a controverting affidavit was not required and the requirements of Articles 2007 and 2008 are not applicable. In other words, plaintiff contends that the plea of privilege was not legally sufficient to secure a transfer of the case because said plea of privilege did not "state there was a duly elected and qualified Justice of the Peace in said Precinct." We have examined Article 2390, Sec. 6 of Art. 2381, Art. 2007, and Art. 2008, R.C.S. of Texas, the only articles which deal with requirements of such a plea of privilege under consideration. We fail to find any such statutory

347

requirement that a plea of privilege should state that there was a duly elected and qualified justice of the peace in the justice precinct of a defendant's residence where such defendant has been sued out of the county of his residence. This ruling of the justice court on the exception went to the jurisdiction of that court. This plea of privilege filed in this cause set forth the precinct and county of the residence of these defendants. It was in statutory form duly and timely filed. Not being controverted by controverting affidavit within five days after appearance date, said justice court was deprived of jurisdiction to enter any order other than one transferring the cause to Red River County. We therefore conclude that the judgment rendered therein in favor of the plaintiff is void.

When the invalidity of a judgment is so shown affirmatively in the record of the case on which it is based, it is subject to collateral attack and may be attacked at any time or any place by injunction or otherwise. Adams v. Epstein, supra, and authorities there collated; Scruggs v. Gribble, Tex.Civ.App., 41 S.W. 2d 643; 25 Tex.Jur. pp. 650, 686 and 703. The District Court of Red River County had venue to enter the permanent injunction, and properly so entered the same.

It is unnecessary to discuss the various other issues advanced in this appeal.

The judgment is affirmed.