**TIRE FINANCE CORPORATION et al.**
**v. ILIFF.**

**No. 3832.**

Court of Civil Appeals of Texas. El Paso.

May 18, 1939.

Hubert D. Dunham, of Waco, for appellant.

Frank C. Bolton, of Henderson, for appellee

NEALON, Chief Justice.

In Justice Court of Precinct No. One of McLennan County appellant sued appellee and another who is not involved in this appeal for debt and for foreclosure upon chattels located in Rusk County and alleged to be in possession of appellee who had purchased them. Suit was filed and citation issued October 16, 1937, returnable November 8, 1937. Citation was served October 22, 1937. November 1, 1937, Iliff filed his plea of privilege to be sued in Precinct No. One of Rusk County. No controverting affidavit was filed. November 10, 1937 the Justice of the Peace sustained an oral demurrer to the plea of privilege and entered default judgment for $67.50 against Iliff and in favor of appellant. Iliff did not learn of this judgment until February 22, 1938, when a deputy sheriff sought to levy execution upon his property.

Iliff brought suit in the Special District Court of Rusk County, seeking to enjoin the levy of the writ and the enforcement of the judgment. Appellant on April 4, 1938 filed its plea of privilege to be sued in McLennan County, Texas, and on the same day filed a plea in abatement challenging the jurisdiction of the Special District Court of Rusk County. On April 6, 1938 appellee filed his controverting affidavit to that plea of privilege. Appellant answered to the merits April 18, 1938. The case came on for trial April 18, 1938. Appellant then made special request of the Court to rule upon its plea in abatement before considering the plea of privilege. On May 12, 1938 the Court entered judgment overruling the general and all special demurrers and special pleas, and after hearing upon the merits, a jury being waived, judgment was entered perpetuating the injunction theretofore entered and forever enjoining the Sheriff of Rusk County and appellant from enforcing the judgment entered by the Justice of the Peace in McLennan County and the execution based thereon. From this judgment the Tire Finance Corporation appealed.

**Opinion.**

Appellant challenges the judgment upon the following grounds: (1) that the judgment of the Justice of the Peace, being regular upon its face, showing jurisdiction of the person and subject matter, it was, if not a valid judgment, at least a voidable and not a void judgment; (2) that

by reason of the recitals contained in said judgment the District Court of Rusk County was without jurisdiction to grant the injunction restraining the enforcement of the judgment, and the plea to the jurisdiction of said district court should have been dismissed or the case transferred to the District Court of McLennan County.

Though the judgment and the record of the Justice of the Peace Court show that a plea of privilege was filed by Iliff, appellant insists that the most that can be said in behalf of appellee is that the judgment sustaining the demurrer to the plea of privilege was an erroneous one. It is also claimed by appellant that the judgment sustaining the demurrer was in fact a correct one because the appellee did not allege that there was a duly elected and qualified Justice of the Peace in Precinct No. One, Rusk County.

All of the controlling questions in this case were decided adversely to appellant's contentions by the Texarkana Court of Civil Appeals in the case of Buhrman-Pharr Hardware Co. v. Medford Bros., 118 S.W.2d 345. Writ of error was refused, and thereby the Supreme Court adopted as its own conclusions of law stated in the cited case. In those conclusions it was held that the filing of the plea to the jurisdiction deprives the Justice Court in which suit was filed of jurisdiction to render any other judgment than one transferring the case, unless a controverting affidavit should be filed, citing Art. 2008, R.C.S., 1925, Galbraith v. Bishop, Tex. Com.App., 287 S.W. 1087, and Adams v. Epstein, Tex.Civ.App., 77 S.W.2d 545. In that case also it was contended that the plea of privilege was not legally sufficient to secure a transfer of the case because it did not state that there was a duly elected and qualified Justice of the Peace in the precinct to which defendant sought to have the case transferred. The Court held that the statutes dealing with requirements of plea of privilege (Art. 2390, Sec. 6 of Art. 2381, Art. 2007 and Art. 2008, R.C.S.) do not contain such a requirement. The Court of Civil Appeals also held that when the invalidity of a judgment of the character there shown appeared affirmatively in the record of the case the judgment was subject to collateral attack at any time or place by injunction or otherwise, citing Adams v. Epstein, supra, Scruggs v. Gribble, Tex.Civ.App., 41 S.W.2d 643; 25 Tex. Jur. pp. 650, 686 and 703.

There is no merit in the assignments challenging the action of the trial court in refusing to sustain appellant's general demurrer or plea in abatement. Appellee alleged specifically that unless appellant was enjoined he would suffer "irreparable injury for which there is no adequate remedy at law," and the facts pleaded established that at the time suit was filed the time for seeking review in the County Court had passed. Martin v. Kieschnick, Tex.Com.App., 231 S.W. 330.

All assignments of error are overruled. Judgment is affirmed.