## PINKSTON et al. v. VICTORIA BANK & TRUST CO.

### No. 2820.

Court of Civil Appeals of Texas. Waco.

Nov. 4, 1948.

Rehearing Denied Dec. 2, 1948.

**246**

Jack Pinkston, of Dallas, for appellants.

Crain & Vandenberge, of Victoria, for appellee.

HALE, Justice.

This is an appeal from an order overruling two pleas of privilege.

Appellee, Victoria Bank & Trust Company, instituted suit in the District Court of Victoria County on February 13, 1948,. against W. F. Crawford as Sheriff of that county, Jack Pinkston, doing business as Transportation Insurance Agency, and W. E. Richburg, Justice of the Peace for Precinct 7 of Dallas County, thereby seeking to enjoin the enforcement of a judgment rendered against it as garnishee and an execution issued thereon, upon the ground that such judgment was void. The judgment in garnishment was rendered by Richburg in favor of Pinkston at Dallas on November 7, 1947. Execution was issued. upon the judgment on February 6, 1948, was placed in the hands of Crawford as Sheriff for service on February 9, and was executed by the Sheriff levying upon the bank building of appellee in Victoria on February 11, 1948. After notice and a hearing on February 23, 1948, the court below granted the application of appellee for a temporary injunction. The result of an attempted appeal from that order is reported in Pinkston v. Victoria Bank &. Trust Co., Tex.Civ.App., 210 S.W.2d 612.

On February 17, 1948, Pinkston and. Richburg each filed in the court below a plea of privilege in due form, asserting the right to be sued in Dallas County. Appellee duly controverted such pleas upon the ground that venue of its suit was properly laid in Victoria County under the concluding provisions of art. 4656, Vernon's Tex.Civ.Stats., when considered in connection with Subd. 30 of art. 1995, Vernon's Tex.Civ.Stats., because Sheriff Crawford was a party to the suit and writ and a resident of Victoria County. Upon a hearing of the pleas of privilege and the controverting affidavit thereto the court below overruled the pleas on April 26, 1948. Pinkston and Richburg duly perfected their appeal from that order to the Court of Civil Appeals at San Antonio and the Supreme Court has transferred such appeal to this court for disposition.

Appellants say the trial court erred in overruling their pleas of privilege because the judgment of the Justice Court of Dallas County was not shown to be void. They further say that even though such judgment

was void, the court below erred in overruling their pleas because appellee failed to show that it had any cause of action against the Sheriff of Victoria County or, if so, that appellants were necessary parties thereto.

The records of the Justice of the Peace Court for Precinct 7 of Dallas County disclose that Pinkston made application there on April 14, 1947 for a writ of garnishment against appellee, a resident of Victoria County, Texas, upon allegations that he had recovered a judgment against George Fenner in that Court on April 20, 1946 for the sum of $156.49; that a writ of garnishment in due form was issued on such application and was served upon appellee on April 17, 1947; that appellee properly filed its verified answer to the writ in that court on April 19, 1947, wherein it set forth facts showing it was in no wise liable under the writ of garnishment; and that Pinkston did not thereafter file or present any controverting affidavit to the answer of appellee as garnishee. However, a notation on the docket of the Justice Court discloses that on October 31, 1947 "Pltf. moves the Court for judgment on answer; or to strike ans. and for jdgt." The judgment rendered against appellee on November 7, 1947 for $190.43 recites that the garnishment suit came on regularly for hearing but the garnishee "wholly made default"; that the court "heard plaintiff's motion for judgment against the garnishee, as heretofore made in open court and noted upon the docket herein"; and that "plaintiff's motion is well taken for several reasons and should be granted."

The undisputed evidence in the court below shows that appellee had no knowledge or notice that judgment had been rendered against it at Dallas until February 9, 1948. Sheriff Crawford testified without dispute that he had levied upon the bank building of appellee under the writ of execution which had been placed in his hands and that he would sell the property levied upon at public auction in accordance with the provisions of law, unless enjoined.

■ The writ of garnishment affords a harsh remedy. It was unknown to the common law. Being purely statutory in origin, proceedings incident to such a writ cannot be sustained unless they are in strict compliance with the statutory requirements and rules relating thereto. Beggs v. Fite et al., 130 Tex. 46, 106 S.W. 2d 1039.

Rule 666, Texas Rules of Civil Procedure, which had its origin in statutory enactments of this state, provides in substance that if certain facts appear from the answer of the garnishee and if such answer should not be controverted "as hereinafter provided, the court shall enter judgment discharging the garnishee." Rule 673, TRCP, provides that if the plaintiff in garnishment should not be satisfied with the answer of any garnishee, he may controvert the same by his affidavit, stating therein the particulars by reason of which he believes such answer to be incorrect. Art. 4096, Vernon's Tex.Civ.Stats., provides in effect that if the garnishee whose answer has been controverted resides in some county other than the one in which the main case is pending or was tried, the issues raised by the answer of the garnishee and plaintiff's controverting affidavit thereto must be tried in the county where the garnishee resides.

■ In this case it clearly appears from the verified facts fully and unequivocally set forth in the answer duly filed in the garnishment proceeding at Dallas that appellee was entitled under the provisions of Rule 666, TRCP, to be discharged as garnishee in the event its answer should not be controverted in the manner required by Rule 673, TRCP. Appellants admit and affirmatively state in their brief that such answer was not controverted. Therefore, upon the record before us, we hold that the Justice of the Peace Court at Dallas was wholly lacking in judicial power or authority on November 7, 1947 to grant the so-called motion of Pinkston either for a judgment in his favor on the answer of appellee or to strike the answer and render judgment against appellee by default, and the illegal act of that court in attempting to do so was null and void. American Surety Co. v. Bernstein, 101 Tex. 189, 105 S.W. 990; Bevil v. Trotti, Tex.Civ.App., 141 S.W. 287; General Bonding & Cas. Co.

v. Lawson, Tex.Civ.App., 196 S.W. 346; Reed v. First State Bank of Purdon, Tex. Civ.App., 211 S.W. 333; Subscribers to Fidelity Lloyds of America v. Lyday, Tex. Civ.App., 5 S.W.2d 553; Clay Bldg. Material Co. v. First Nat. Bank, Tex.Civ.App., 161 S.W.2d 799.

Art. 4656 of Vernon's Tex.Civ.Stats. reads as follows: "Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered; writs of injunction for other causes, if the party against whom it is granted be an inhabitant of the State, shall be returnable to and tried in the district or county court of the county in which such party has his domicile, according as the amount or matter in controversy comes within the jurisdiction of either of said courts. If there be more than one party against whom a writ is granted, it may be returned and tried in the proper court of the county where either may have his domicile."

■ Since the judgment in garnishment now before us was affirmatively shown to be void by the record upon which it was based, such judgment was and is subject to the collateral attack made upon it in the court below and consequently the first part of art. 4656 of Vernon's Tex.Civ. Stats. has no application here. Adams v. Epstein, Tex.Civ.App., 77 S.W.2d 545; San Bernardo Townsite Co. v. Hocker, Tex. Civ.App., 176 S.W. 644; Buhrman-Pharr Hdw. Co. v. Medford Bros., Tex.Civ.App., 118 S.W.2d 345 (er. ref.); Tire Finance Corp. v. Iliff, Tex.Civ.App., 129 S.W.2d 1208; Lewis v. Terrell, Tex.Civ.App., 154 S.W.2d 151.

■ However, because the suit of appellee is purely for injunctive relief against a void judgment, and because a writ of temporary injunction has been granted against the Sheriff of Victoria County, a resident of that county, we think the writ was properly returnable to the District Court of Victoria County under the concluding provisions of art. 4656 and that such provisions are of controlling force and effect in their application here, both as to venue and jurisdiction. Little et al v. Griffin, 33 Tex.Civ.App. 515, 77 S.W. 635 (er. den.); Automobile Finance Co. v. Bryan, Tex.Civ.App., 3 S.W.2d 835; Brownsville Shrimp Co. et al v. Miller et al, Tex.Civ.App., 207 S.W.2d 911.

■ We are also of the opinion that Pinkston was a necessary party to the cause of action which appellee established in the court below for injunctive relief against Sheriff Crawford. Craig v. Pittman & Harrison Co., Tex.Com.Apps. 250 S.W. 667.

Appellee has acted at all times material to this suit in good faith and with due diligence in its efforts to protect itself against any unlawful invasion of its property rights. Under the facts fully alleged in its verified answer, timely filed in the garnishment proceedings at Dallas, it had no legal liability there as garnishee. If Pinkston had reason to believe that any of such allegations were false, he had the right to controvert the answer in the manner required by Rule 673, TRCP, and to try the issues thus raised, under the provisions of art. 4096 of Vernon's Tex. Civ.Stats., in a court of competent jurisdiction situated in Victoria County and not elsewhere. This, however, Pinkston wholly failed to do. Hence, we see no valid reason, either at law or in equity, why appellee should now be required on the plea of appellants to go to Dallas County in order to protect itself against the unlawful sale of its property in Victoria County under a void judgment which was rendered in Dallas County at the behest of Pinkston.

Finding no reversible error, all of appellants' points are overruled and the judgment appealed from is affirmed.