**ATTEBERRY, Inc.**

v.

**STANDARD BRASS & MFG. CO.**

No. 3177.

Court of Civil Appeals of Texas.

Waco.

June 17, 1954.

Rehearing Denied July 22, 1954.

Cole, Patterson, Cole & McDaniel, John L. Russell, Houston, for appellant.

Julia Mae Anderson, Houston, for appellee.

TIREY, Justice.

The appellee brought this suit in garnishment after judgment against appellant, a Texas corporation. Appellee in its affidavit for garnishment after judgment alleged substantially that it had previously recovered judgment against Freddie Atteberry, doing business as Atteberry Electric Company; that such judgment was obtained in April, 1953, in the Justice Court of Harris County, Precinct No. 1, in Cause No. 10541, in the amount of $122.22, with legal interest from date of judgment, and costs; that said judgment is final and unsatisfied and that defendant has not, within affiant's knowledge, property in its possession within this state subject to execution sufficient to satisfy the judgment. Said application for garnishment further set out that affiant has reason to believe that said Atteberry, Inc., whose principal place of business is in Velasco, Brazoria County, Texas, has in its possession effects belonging to the defendant. Writ of garnishment duly issued and was served on garnishee and it seasonably filed its plea of privilege in conformity with Rule 86, Texas Rules of Civil Procedure, and prayed that its plea of privilege be sustained and that the cause be transferred to its domicile, which was in Precinct No. 2, Brazoria County, Texas, which plea of privilege was filed on May 23, 1953. The garnishee, subject to the action of the court on its plea of privilege, filed its answer on May 23, 1953. Thereafter, on the 1st day of June, 1953, the appellee filed what it designated as its controverting affidavit. This affidavit does in no wise controvert the plea of privilege filed by appellant, in that it wholly fails to set out specifically the grounds relied upon to confer venue of the cause in the Justice Court of Harris County where the cause is pending. See Rule 86, TRCP. It does state in effect that it is not satisfied with the answer made by the garnishee and has good reason to believe that such answer is incorrect and insufficient. The answer is challenged in three respects: (1) that appellee believes that the debtor, Freddie Atteberry, was the owner of certain capital stock of Atteberry, Inc.; (2) that the statement in the answer that certain persons owe F. L. Atteberry, individually, on accounts is insufficient in that it does not name such persons, and that plaintiff asked the court that the garnishee be required to name the persons indebted to F. L. Atteberry and the amount of such indebtedness; and (3) that the answer limits such accounts as those owing to F. L. Atteberry individually and fails to answer as to those persons within its knowledge who are indebted to Atteberry Electric Company, and asked that the garnishee be required to name the persons so indebted to Atteberry Electric Company and the amount of such indebtedness. The transcript shows that the hearing on the plea of privilege was set for the 23rd of June, 1953 at 10:00. On the 18th of June, 1953 the garnishee filed its plea to the jurisdiction of the Justice Court, and on the same date garnishee filed its motion to quash the writ of garnishment. On June 23, 1953 the appellee filed its motion for judgment and the notation on the motion shows that it was granted and that the garnishee gave notice of appeal to the County Court at Law of Harris County. The transcript shows that a judgment was entered in the Justice Court in this cause on the 23rd of June, 1953, but it does not show any disposition made of the plea of privilege. This judgment, among other things, recites: "On this the 23rd day of June, 1953, in the above entitled and numbered cause came the parties by their attorneys and presented to the Court garnishee's Plea to the Jurisdiction and Plaintiff's Motion for Judgment; and it appearing to the Court that the garnishee was duly cited and served in the manner and form and for the time prescribed by law but had failed and refused to make answer as required by law to said writ heretofore issued herein." The judgment then recites that appellee, as plaintiff, recovered judgment in the amount of $122.22, with legal interest from 27th of April 1953 until paid against F. L. Atteberry, doing business as Atteberry Electric Company, and awards judgment in favor of appellee against the garnishee in the

amount of $122.22, with legal interest, together with all costs accruing in the main case and also costs incurred in the garnishment proceeding. This judgment appears to have been entered on the 29th of June, 1953. The garnishee seasonably perfected its appeal to the County Court at Law of Harris County, Texas. Thereafter, on the 14th day of September, 1953, the garnishee filed in the County Court at Law of Harris County what is designated as its first amended original answer. In this answer it asked the court to quash the application for writ of garnishment and dismiss the garnishment suit. In paragraph 2 it averred: "And in the event the said plea of privilege filed herein and this answer which is filed subject to the action of the Court on said plea of privilege should be necessary and subject to the plea of privilege filed herein and the foregoing exceptions and motions to quash * * *" and averred substantially that the garnishee is not indebted to the defendant Atteberry in any sum whatsoever and was not indebted to him in any amount whatsoever when the writ was served upon it; and that it does not have any effects or any certificates of stock of any corporation or joint stock company of the defendant Atteberry in its possession; and that it did not have any effects whatsoever nor any certificates of stock of any corporation or joint stock company in its possession when the writ was served upon it; that the garnishee does not know of any other person within its knowledge who is indebted to the said F. L. Atteberry insofar as any collectible accounts are concerned; that there are certain persons who owe F. L. Atteberry individually on accounts that are barred by limitation or that are uncollectible and then listed individuals owing F. L. Atteberry to the number of 18, listing the amounts owing by each person concerned. The trial in the County Court at Law was before the court without the aid of a jury and we find this recital in the decree: "* * * and came the garnishee in person, and came the Plaintiff urging its motion to strike out the Garnishee's First Amended Original Answer, and the Court having duly heard and considered the same, is of the opinion that it should be, and it is hereby, accordingly sustained; and came the parties by their attorneys and the matters in controversy, as well of fact as of law were submitted to the court, without the intervention of a jury, and the pleadings, the evidence and argument of counsel having been heard and fully understood, and it appearing to the Court that the garnishee appeared in person and by attorney and answered said writ of garnishment served upon it heretofore on the 16th of May, 1953, but failed and refused to make full answer and disclosures as required by law to said writ and defaulted therein." The decree then set out the amount of the judgment originally obtained by the appellee against Freddie Atteberry and decreed that the appellee recover of and from the appellant the full amount of said judgment with interest and costs, and the further sum of $50 attorney's fees allowed in behalf of the attorney for appellee. The appellant duly excepted to the order of the County Court and gave notice of appeal and perfected its appeal to the Galveston Court and the cause is before us by virtue of transfer order entered by our Supreme Court.

Appellant's Point 1 is to the effect that the court erred in not sustaining garnishee's plea of privilege filed in due order when it was shown that garnishee was a resident of Brazoria County, Texas, and that the action was brought in Harris County, there being no exception to exclusive venue of the resident county of the defendant garnishee. Appellee's Counter Point to Point 1 is: "The trial court did not err in overruling garnishee's plea of privilege as to the issuance of the writ of garnishment because the writ of garnishment to satisfy a judgment can issue from no other court than that in which the judgment was rendered." The trial of this case does not fit into any particular pattern that has come to our knowledge in the reported cases. Appellee wholly failed to follow the rules relating to pleas of privilege as well as those relating to garnishment proceedings, and particularly

Rules 673, 674, 675, 676, TRCP. First of all, the plea of privilege filed by the appellant was not controverted in the Justice Court nor in the County Court as we understand our decisions with reference to pleas of privilege. It is true that the appellee filed an instrument which it designated as its controverting affidavit, but it failed to set out specifically the grounds relied upon to confer venue of such cause in the Justice Court where this cause was pending, as provided in Rule 86, TRCP. No rule is better settled than the one to the effect that unless such plea of privilege is controverted, as provided in Rule 86, TRCP, and within the time therein provided, the trial court where the suit is pending loses jurisdiction. See Tempelmeyer v. Blackburn, 141 Tex. 600, 175 S.W.2d 222; also Davis v. Battles, 143 Tex. 378, 186 S. W.2d 60. In Tempelmeyer v. Blackburn, supra [141 Tex. 600, 175 S.W.2d 224], we find this statement: "A statutory plea of privilege is more than a pleading. It is prima facie proof of the defendant's right to have the venue changed from the county in which the suit was filed to the county named in the plea." If the plaintiff desires to overcome such prima facie proof, he must comply with the provisions of Rule 86, TRCP, and file a controverting plea under oath, setting out specifically the grounds relied on to confer venue of such cause on the court where the cause is pending. See Slagle v. Clark, Tex.Civ. App., 237 S.W.2d 430; Anderson v. Southwestern Presbyterian Home & School for Orphans, Tex.Civ.App., 248 S.W.2d 775. See also cases collated under Texas Digest, Vol. 30, Pleading, ▓▓▓▓ The appellee wholly failed to comply with Rule 86 in this behalf. We are in accord with appellee's contention that the issuance of the writ of garnishment must come from the court where the judgment was rendered, but where the garnishee is the resident of another county and is not entitled to be discharged on its answer the cause must be docketed and tried in the court having jurisdiction of the subject matter in the county of the residence of the garnishee, as provided in Rule 675, TRCP.

See opinion of this court in Pinkston v. Victoria State Bank & Trust Co., Tex. Civ.App., 215 S.W.2d 245 (application for mandamus overruled). See also Synder National Bank v. Pinkston, Tex.Civ.App., 219 S.W.2d 606 (no writ history). Rule 675, TRCP, is controlling and applicable here if appellant had failed to file its plea of privilege. In this case the appellant filed an answer subject to his plea of privilege and it is true that the appellee traversed such answer, as it had a right to do under Rule 673, TRCP, but appellee could not sit idly by and ignore the plea of privilege filed, unless it was willing to have the cause transferred to the Justice Court of the residence of the appellant. Since it was appellee's duty to controvert such plea of privilege, and since it failed so to do, the Justice Court of Harris County lost jurisdiction of this cause. See Century Lloyds v. Barnett, Tex.Civ.App., 259 S.W.2d 768 (writ ref.).

▓▓ Assuming without deciding that the affidavit filed by appellee traversing the answer of the garnishee created a question of fact, the fact question therein raised would be controlled by Rule 675, TRCP, and would thereafter be tried under the provisions of Rule 676, TRCP, in the Justice Court of Brazoria County, Texas. See Pinkston v. Victoria State Bank & Trust Co., supra, and Snyder National Bank v. Pinkston, supra.

Accordingly, this cause is reversed and remanded to the County Court at Law of Harris County, Texas, with instructions to transfer this cause to the Justice Court, Precinct No. 2, of Brazoria County at Freeport, Texas; and the Justice Court there is instructed to permit the garnishee to file such amended answer as it deems pertinent, and that appellee be permitted to file such controverting answer and pleadings as it deems pertinent. Because of the views heretofore expressed, it is unnecessary to discuss the other points raised in appellant's brief.

Reversed and remanded with instructions.